■ Martin Goldman, LLC, Appellant, v Yonkers Industrial Development Agency et al., Respondents. [785 NYS2d 517]—

In an action, inter alia, for a judgment declaring that the defendant Yonkers Industrial Development Agency was not authorized by the General Municipal Law to create the defendant Yonkers Industrial Development Agency, Inc., also known as Yonkers Baseball, Inc., the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered February 3, 2004, as granted those branches the defendants' separate cross motions which were for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' separate cross motions which were for summary judgment are denied.

The CPLR does not specifically prescribe a limitations period for declaratory judgment actions (*see Solnick v Whalen,* 49 NY2d 224, 229 [1980]). Thus, "[i]n order to determine the Statute of Limitations applicable to a particular declaratory judgment action, the court must 'examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' " (*Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202 [1987], quoting *Solnick v Whalen, supra* at 229; *see New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194, 200-201 [1994]). If the court determines that the underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs the declaratory judgment action (*see Matter of Save the Pine Bush v City of Albany, supra; Solnick v Whalen, supra* at 229-230). However, if there is no other "form of proceeding for which a specific limitation period is statutorily provided," the six-year catch-all limitations period provided in CPLR 213 (1) may be invoked (*Solnick v Whalen, supra* at 229-230; *see New York City Health & Hosps. Corp. v McBarnette, supra* at 201).

Contrary to the Supreme Court's determination, a declaratory judgment action rather than a proceeding pursuant to CPLR article 78 is the proper vehicle for resolving the dispute presented by this case. The gravamen of the plaintiff's complaint is that the defendant Yonkers Industrial Development Agency acted outside of the scope of its statutory authority by enacting a resolution ratifying the formation of a private, for-profit subsidiary corporation. The complaint seeks the construction of a statute rather than review of a particular agency determination or procedure (*see* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.10 [a]; *Matter of Dreves v New York Power Auth.,* 131 AD2d 182 [1987]; *Waste-Stream Inc. v St. Lawrence County Solid Waste Disposal Auth.,* 167 Misc 2d 542, 547-548 [1995]). Accordingly, this action is not governed by the four-month statute of limitations applicable to article 78 proceedings (*see* CPLR 217 [1]). Moreover, the one-year statute of limitations set forth in General Municipal Law § 880 (2) applies only to actions against industrial development agencies "founded upon tort," and thus does not govern the instant action. Consequently, the six-year limitations period provided in CPLR 213 (1) applies. Smith, J.P., Luciano, Rivera and Lifson, JJ., concur.