THOMAS ESPIE et al., Appellants, v TOWN OF POUGHKEEPSIE et al., Respondents, et al., Defendant. [824 NYS2d 729]—

In an action for a judgment declaring a closing agreement for the sale of real property to be null and void, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 7, 2005, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first, second, and third causes of action as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

Unless the underlying dispute is "open to resolution through a form of proceeding for which a specific limitation period is statutorily provided" (*Solnick v Whalen,* 49 NY2d 224, 229-230 [1980]), a declaratory judgment action is subject to a six-year statute of limitations (*see Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801, 815 [2003], *cert denied* 540 US 1017 [2003]; *Martin Goldman, LLC v Yonkers Indus. Dev. Agency,* 12 AD3d 646 [2004]). In this action, the first, second, and third causes of action seek a judgment declaring that the closing agreement which the plaintiffs entered into with the defendant Town of Poughkeepsie on September 18, 1996, is void. The plaintiffs' first, second, and third causes of action accrued on the day the closing agreement was executed, and thus the six-year limitations period expired on September 18, 2002. The plaintiffs did not commence this action until March 2005. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the first, second, and third causes of action as time-barred.

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.