Farooq Chaudhry, Respondent-Appellant, v Vital Holding Company of NY, Inc., et al., Appellants-Respondents. [858 NYS2d 740]—

In an action, inter alia, to recover damages for the improper removal of the plaintiff from the board of directors of the defendant Vital Holding Company of NY, Inc., the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered August 16, 2007, as denied those branches of their mo-

tion which were to dismiss the first, second, fifth, and sixth causes of action pursuant to CPLR 3211 (a) (1) and (7), and the plaintiff cross-appeals from so much of the same order as, in effect, granted that branch of the defendants' motion which was to dismiss the third, fourth, seventh, and eighth causes of action pursuant to CPLR 3211 (a) (2) and (5).

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff is a shareholder of the defendant Vital Holding Company of NY, Inc. (hereinafter Vital Holding), and a driver for its subsidiary Vital Transportation, Inc. (hereinafter Vital Transportation). The plaintiff was elected to Vital Holding's board of directors (hereinafter the board) in October 2005. He contends that he was improperly removed from the board in December 2006 after Vital Transportation's security committee issued a "security slip violation" to him, finding him guilty of, inter alia, harassing and defaming the defendant Berj Haroutunian, the president of the board, and fining him the sum of $6,000. The plaintiff contends that the provisions in article III, §§ 3 and 4 of Vital Holding's bylaws, pursuant to which Vital Holding alleges he was automatically "deemed to have resigned" from the board upon the issuance of the security slip violation, violate Business Corporation Law §§ 706 and 708. Although raised for the first time on appeal, this argument is properly before this Court, as the plaintiff does not allege new facts, but merely raises a legal argument that the defendants could not have avoided had it been raised before the Supreme Court (see Rochester v Quincy Mut. Fire Ins. Co., 10 AD3d 417, 419 [2004]; Dawson v Raimon Realty Corp., 303 AD2d 708, 709-710 [2003]; Matter of Cooke v City of Long Beach, 247 AD2d 538 [1998]). In considering that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) "dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88 [1994]). As to that branch of the motion which was pursuant to CPLR 3211 (a) (7), we accept as true the facts alleged in the complaint, afford the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (id. at 87-88; DePasquale v Estate of DePasquale, 44 AD3d 606, 607 [2007]). Applying those standards here, the plaintiff has a viable claim that the "deemed to have resigned" provisions of Vital Holdings' bylaws violate Business Corporation Law §§ 706 and 708 and article III, section 5 of the bylaws, which provides for a board member's removal only upon a vote of a majority of Vital

Holding's shareholders. Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the first, second, fifth, and sixth causes of action pursuant to CPLR 3211 (a) (1) and (7).

However, the Supreme Court correctly, in effect, granted those branches of the defendants' motion which were to dismiss the third, fourth, seventh, and eighth causes of action pursuant to CPLR 3211 (a) (2) and (5). The Court correctly determined that appeal and arbitration were the sole and exclusive methods of resolving the issues as to whether the security slip violation was properly issued to the plaintiff, and therefore the plaintiff was barred from seeking judicial relief therefrom. Contrary to the plaintiff's contention, the arbitration provision contained in Vital Transportation's proprietary license was neither procedurally nor substantively unconscionable (*see generally Gillman v Chase Manhattan Bank*, 73 NY2d 1 [1988]). Moreover, the arbitration provision was "clear, explicit and unequivocal" (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184 [1984]) and encompassed the subject matter of these causes of action. Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur.