■ ROBERT DELBENE et al., Respondents, v NATE ESTES et al., Appellants. [860 NYS2d 612]—

In an action, inter alia, for a judgment declaring that amendments to the Declaration of Trust of the Westchester County Correction Officers Benevolent Association, Inc. Welfare Trust Fund dated March 17, 2005, are void, the defendants appeal from an order of the Supreme Court, Westchester County (Smith, J.), dated February 21, 2007, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiffs are active and retired members of the Westchester County Correction Officers Benevolent Association, Inc. (hereinafter COBA), who, along with their dependents, are participant beneficiaries of the defendant Westchester County Correction Officers Benevolent Association, Inc. Welfare Trust Fund (hereinafter the Trust), the employee welfare benefit trust fund established by COBA under Insurance Law article 44.

The Declaration of Trust initially provided that the trustees were to be appointed by COBA's president and ratified by COBA's board of directors. On or about March 17, 2005 the defendants Nate Estes, Carol Merrell, Jo-Ann Santana-Sannella, and Dominick Badea, who were trustees of the Trust, amended the Declaration of Trust to transfer, to themselves, COBA's powers to appoint and remove trustees. Pursuant to the amendment, these defendants then appointed the defendant Damon Jones as a member of the Board of Trustees. The plaintiffs commenced this action, inter alia, for a judgment declaring the amendment void and annulling the appointment of the defendant Damon Jones. The Supreme Court denied the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. We affirm.

In reviewing a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, grant the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]). We agree

with the Supreme Court that the complaint stated a cause of action to recover damages for breach of fiduciary duty. The complaint alleged that in amending the Declaration of Trust to terminate the power of COBA's president and Board of Directors to appoint and remove trustees, the defendant trustees violated their common-law duty of loyalty to act in the sole interest of the participants in the trust (*see generally Matter of Wallens,* 9 NY3d 117, 122 [2007]; *Matter of Heller,* 6 NY3d 649, 655 [2006]), and effectively insulated themselves from accountability to Trust participants by "entrench[ing] themselves" in office (*Levy v Local Union No. 810,* 20 F3d 516, 520 [1994]; *cf. Rosenthal v Roberts,* 2005 US Dist LEXIS 1268, \*11, 2005 WL 221441, \*3 [SD NY, Jan. 28, 2005]; *Teamsters Local No. 145 v Kuba,* 631 F Supp 1063, 1072 [1986]).

The defendants' remaining contentions are without merit. Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.