■ Michael Melnicke, Respondent, v Michael Brecher et al., Defendants, and Hershel Weiss et al., Appellants. [886 NYS2d 406]—

In an action, inter alia, for specific performance of a contract for the purchase of real property, the defendants Hershel Weiss and Rivka Weiss appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 29, 2007, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

For a defendant to be entitled to dismissal of an action pursuant to CPLR 3211 (a) (1), a party must present documentary ev-

idence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Leon v Martinez*, 84 NY2d 83 [1994]; *Chaudhry v Vital Holding Co. of NY, Inc.*, 51 AD3d 844, 845 [2008]; *DePasquale v Estate of DePasquale*, 44 AD3d 606, 607 [2007]; *Fleming v Kamden Props., LLC*, 41 AD3d 781 [2007]; *730 J & J v Fillmore Agency*, 303 AD2d 486 [2003]). Here, the plaintiff alleged that the defendant David Brecher was the beneficial owner of the subject property on June 1, 2001, that David Brecher signed a memorandum of sale conveying the subject property to the plaintiff on that date, and that David Brecher accepted a down payment in the sum of $100,000 from the plaintiff. Conversely, the defendants Hershel Weiss and Rivka Weiss contend that the beneficial owner of the property on June 1, 2001 was David Brecher's grandson, the defendant Michael Brecher. However, the recorded deeds the Weisses submitted failed to conclusively establish the identity of the beneficial owner of the subject property on June 1, 2001. Accordingly, the Supreme Court correctly denied the branch of the Weisses motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1).

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]; *see Leon v Martinez*, 84 NY2d 83 [1994]; *Chaudhry v Vital Holding Co. of NY, Inc.*, 51 AD3d 844, 845 [2008]; *Smith v Meridian Tech., Inc.*, 52 AD3d 685, 686 [2008]; *DelBene v Estes*, 52 AD3d 647 [2008]). Applying those principles, the complaint is sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7). Accordingly, the Supreme Court correctly denied the branch of the Weisses motion which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7). Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.