■ ANDREW STEIN et al., Respondents, v GARFIELD REGENCY CONDOMINIUM, Appellant, et al., Defendants. [886 NYS2d 54]—

In an action, inter alia, for a declaratory judgment and injunctive relief, the defendant Garfield Regency Condominium appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated February 8, 2008, as denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it and granted the plaintiffs' cross motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The CPLR does not prescribe a specific limitations period for

declaratory judgment actions. Rather, the applicable statute of limitations for such an action depends on the underlying claim and the "nature of the relief" sought (*Solnick v Whalen*, 49 NY2d 224, 229 [1980]; *see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 40-41 [1995]). If "the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action" (*Solnick v Whalen*, 49 NY2d at 229-230; *see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d at 41; *P & N Tiffany Props., Inc. v Village of Tuckahoe*, 33 AD3d 61, 63 [2006]; *Matter of Jones v Amicone*, 27 AD3d 465, 469 [2006]). However, if "no other form of proceeding exists for the resolution of the claims," then the six-year catch-all statute of limitations set forth in CPLR 213 (1) governs (*Solnick v Whalen*, 49 NY2d at 230; *see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d at 41; *New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 200-201 [1994]; *Martin Goldman, LLC v Yonkers Indus. Dev. Agency*, 12 AD3d 646, 647 [2004]).

Here, the plaintiffs, individual condominium owners in the defendant, Garfield Regency Condominium (hereinafter Garfield), sought, inter alia, a judgment declaring that pursuant to a declaration filed in 1986 (hereinafter the 1986 declaration), the roof area above their respective rear top floor condominium units was for each plaintiff's "exclusive use and enjoyment," that such roof area was a limited common element (hereinafter LCE) of each rear unit, and that an amended declaration filed in 2006 was void. Further, in seeking injunctive relief, the plaintiffs sought to prohibit Garfield from installing any permanent or temporary structures in their rear roof areas and to direct Garfield to approve their proposed installation of new rear roof decks. Notably, a justiciable controversy did not exist regarding the meaning of the 1986 declaration with respect to the plaintiffs' rights to the roof area above their top floor rear units until May 2005, which is when Garfield first claimed that the plaintiffs did not have the exclusive right to use and enjoy the roof area above their respective rear top floor units and that the roof area was not an LCE to each rear unit. Accordingly, regardless of when the 1986 declaration was originally filed, the plaintiffs' claim did not accrue until May 2005 (*see Vigilant Ins. Co. of Am. v Housing Auth. of El Paso, Tex.*, 87 NY2d at 44; *see also Employers' Fire Ins. Co. v Klemons*, 229 AD2d 513, 514 [1996]). Further, since the plaintiffs' claims for declaratory and

injunctive relief are dependent on the construction of the 1986 declaration and are not "open to resolution through a form of proceeding for which a specific limitation period is statutorily provided," the six-year statute of limitations set forth in CPLR 213 (1) applies (*Solnick v Whalen*, 49 NY2d at 229-230; *see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d at 41; *P & N Tiffany Props., Inc. v Village of Tuckahoe*, 33 AD3d at 63; *Matter of Jones v Amicone*, 27 AD3d at 470; *Martin Goldman, LLC v Yonkers Indus. Dev. Agency*, 12 AD3d at 648; *Rahabi v Morrison*, 81 AD2d 434, 439 [1981]). Since the plaintiffs commenced this action in January 2007, which is less than six years after the dispute first arose, the action is timely (*see* CPLR 213 [1]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Garfield as time-barred pursuant to CPLR 3211 (a) (5).

A motion to dismiss a complaint based on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401 [2009]; *Troccoli v Zarabi*, 57 AD3d 971 [2008]). The documentary evidence submitted by the defendant did not utterly refute the plaintiffs' allegations, and thus, did not conclusively establish a defense as a matter of law. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Garfield based upon documentary evidence (*see* CPLR 3211 [a] [1]).

Turning to the plaintiffs' cross motion, "[l]eave to amend shall be freely given absent prejudice or surprise" (*Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d 512, 514 [2009]; *see* CPLR 3025 [b]; *Mackenzie v Croce*, 54 AD3d 825 [2008]; *Kuslansky v Kuslansky, Robbins, Stechel & Cunningham, LLP*, 50 AD3d 1101 [2008]). The Supreme Court providently exercised its discretion in granting the plaintiffs' cross motion for leave to amend their complaint, since the proposed amendments were neither "palpably insufficient" nor "patently devoid of merit on [their] face" (*Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d at 514; *see Mackenzie v Croce*, 54 AD3d at 826).

Garfield's remaining contentions are without merit. Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.