■ HERMAN ROTH et al., Respondents, v R & P RESTAURANT CORP., Doing Business as "MOSCOW CAFÉ," et al., Appellants. [891 NYS2d 158]—

The two plaintiffs and the defendant Adolf Makarovsky were three of five shareholders who together owned two restaurant corporations: R & P Restaurant Corp., doing business as the "Moscow Café" (hereinafter the Moscow Café) and G & R Restaurant Corp., which operated the Winter Garden Restaurant. The restaurants were located in Brooklyn on contiguous parcels of property.

In early 2004 the five shareholders decided to separate the corporations so that one group would control one restaurant and the other group would control the other restaurant. All five

shareholders were represented by the same attorney, who drafted two identical agreements. On March 29, 2004 they signed one agreement which applied to the Winter Garden Restaurant and another which applied to the Moscow Café. They also signed an identical agreement with respect to the Moscow Café on March 31, 2004, but the reasons for doing so are not clear from this record. In the first agreement, Makarovsky and two others sold their ownership interest in the Winter Garden Restaurant to the plaintiffs. In the second agreement, the plaintiffs sold their ownership interest in the Moscow Café to Makarovsky and the other two shareholders, who eventually sold their shares to Makarovsky. Each agreement contained a right of first refusal provision stating, in pertinent part, that: "[i]n the future, if a Shareholder desires to sell or transfer all of his shares, such Shareholder . . . shall give written notice thereof to the other Shareholders and the Corporation . . . [t]he offeror's notice also shall contain an offer to sell such shares to the other Shareholders and the Corporation . . . [f]or a period of sixty days after receipt of offeror's notice . . . the other shareholders, or any of them, shall have the right to purchase all or any part of the shares offered for the price and upon the terms and conditions provided in this article, by giving notice of intention to purchase to the offeror, the other shareholders and the Corporation within the initial option period."

In early 2006 a nonshareholder offered Makarovsky the sum of $250,000 for the Moscow Café. Shortly thereafter, Makarovsky sent an unsigned right of first refusal letter to the plaintiff Herman Roth, but did not send one to the plaintiff Yuri Greene. Roth rejected the letter as deficient and warned Makarovsky that he might seek to enjoin the sale if he did not receive proper notice. In response, Makarovsky sent a signed right of first refusal letter to both Roth and Greene, indicating that the proposed sale price was now $350,000. This letter, too, was rejected as deficient.

In April 2006 the plaintiffs commenced this action, inter alia, to enjoin the proposed sale. They also sought a preliminary injunction enjoining the sale, which the Supreme Court granted. In November 2007, on consent of the defendants, the plaintiffs amended their complaint to add a cause of action for specific performance of the agreement dated March 31, 2004. In April 2008 the defendants moved, among other things, to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court denied the motion, finding that the term "shareholders," as employed in the two agreements, was ambiguous. We affirm.

In support of that branch of their motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (1) based upon documentary evidence, the defendants relied solely upon the agreement involving the Moscow Café. The Supreme Court properly denied this branch of the motion since the document failed to resolve all factual issues as a matter of law and failed to conclusively dispose of the plaintiffs' claim (*see Stein v Garfield Regency Condominium,* 65 AD3d 1126 [2009]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 38 AD3d 34, 38-39 [2006]).

In determining a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). Where, as here, the parties submit evidentiary material to be considered by the court, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). Applying these principles, the amended complaint is sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7). Accordingly, the Supreme Court correctly denied the branch of the defendants' motion which was to dismiss the amended complaint pursuant to CPLR 3211 (a) (7) (*see Melnicke v Brecher,* 65 AD3d 1020 [2009]). Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.