WILD OAKS, LLC, Appellant, v JOSEPH A. BEEHAN, JR. GENERAL CONTRACTING, INC., et al., Respondents. [910 NYS2d 137]—

In an action to permanently enjoin the defendants from utilizing a portion of a common driveway that traverses the plaintiff's property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated August 21, 2009, which denied its motion for a preliminary injunction and granted those branches of the defendants' cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and, in effect, to cancel a notice of pendency.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and, in effect, to cancel a notice of pendency, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed, with costs to the appellant, and the Suffolk County Clerk is directed to reinstate the notice of pendency.

In 1981, the defendant Joseph A. Beehan, Jr., subdivided certain real property he owned in Southampton, and in 1982, he sold one lot (hereinafter Lot 2) to Nathan Howard. In their contract of sale, Beehan reserved a right to reacquire a 25-foot strip of land on Lot 2, represented by a shaded area on the subdivision map (hereinafter the shaded area), in the event that he acquired a landlocked parcel to the east of Lot 2 which

became known as Lot 3. The contract provided that, in such event, Howard and any subsequent owner of Lot 2 would retain an easement over the shaded area, and Beehan and any subsequent owner of Lot 3 would have an easement over a 25-foot strip of land on Lot 2 which lay immediately south of the shaded area. The purpose of the reciprocal easements was for the owners of Lots 2 and 3 to share a common driveway to their respective residences.

On February 24, 1983, Howard and Beehan executed a declaration which was recorded with the Suffolk County Clerk providing, inter alia, that the shaded area and the contiguous 25-foot strip "shall not be made available or be used as a right-of-way for access to any Lot, plot, piece or parcel of land other than parcels 2 and 3, unless such right-of-way is approved by the Planning Board of the Town of Southampton, or its successors." Beehan acquired Lot 3, Howard reconveyed the shaded area to Beehan, and the shaded area was merged with Lot 3 to form a flagpole lot. Thereafter, Lots 2 and 3 used the common driveway comprised of the shaded area and the contiguous 25-foot strip for street access.

On July 30, 1997, the defendant Joseph A. Beehan, Jr. General Contracting, Inc. (hereinafter Beehan Contracting), purchased Lot 4, which was a landlocked parcel to the east of Lot 3. In 1998, Beehan Contracting applied to the Planning Board for, inter alia, permission to use the common driveway of Lots 2 and 3 for the purpose of obtaining access to Lot 4. The Planning Board conditioned approval of the application upon "submission of a common driveway easement in a form acceptable to the Town Attorney," and the applicant's satisfactory completion of improvements to the driveway recommended by the Director of Engineering. Thereafter, Beehan and Beehan Contracting entered into an easement agreement permitting Lot 4 to use the shaded area and other areas on Lot 3. The defendants did not obtain an easement from the owner of Lot 2 to use the 25-foot strip on Lot 2. The Director of Engineering subsequently conducted an inspection and wrote to the Planning Board, recommending engineering approval of the common driveway plan for Lot 4.

In 2006, the plaintiff, Wild Oaks, LLC, purchased Lot 2. In 2009, the plaintiff commenced the instant action to permanently enjoin the defendants from utilizing the portion of the common driveway on Lot 2, alleging that the defendants were in violation of the restrictions in the declaration and were trespassing on its property. The plaintiff moved for a preliminary injunction and the defendants cross-moved to dismiss the complaint pursu-

ant to CPLR 3211 (a) (1) and (7), and, in effect, to cancel a notice of pendency. The Supreme Court denied the plaintiff's motion for a preliminary injunction, and granted those branches of the defendants' cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (1) and, in effect, to cancel the notice of pendency. We modify.

"A motion to dismiss a complaint based on documentary evidence 'may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1128 [2009], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see* CPLR 3211 [a] [1]). Here, the defendants relied upon, inter alia, subdivision maps, the 1982 contract of sale between Howard and Beehan, the declaration, and the Planning Board conditional approval of the use of the common driveway by Lot 4. Contrary to the Supreme Court's determination, these documents did not utterly refute the plaintiff's allegations that the owner of Lot 4 had failed to restrict its use to the shaded area on Lot 3 and was not given permission by easement or otherwise to use any portion of Lot 2. Accordingly, the defendants failed to establish a defense as a matter of law, and that branch of their cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) should have been denied (*see Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1128 [2009]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 37 [2006]). Further, although the Supreme Court did not reach that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), in the interest of judicial economy (*see Mobil Oil Corp. v Christian Oil & Gas Distribs.*, 95 AD2d 772, 773 [1983]), we find that the plaintiff adequately pleaded a cause of action, and thus, the defendants failed to show their entitlement to dismissal of the complaint pursuant to CPLR 3211 (a) (7) (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Corsello v Verizon N.Y., Inc.*, 77 AD3d 344, 360 [2d Dept 2010]).

However, the Supreme Court properly denied the plaintiff's motion for a preliminary injunction. On the record presented, the plaintiff failed to show irreparable injury in the absence of an injunction and a balance of equities in its favor (*see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Board of Mgrs. of Wharfside Condominium v Nehrich*, 73 AD3d 822, 824 [2010]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.