■ ALL ISLAND MEDIA, INC., Appellant, v CREATIVE AD WORX, INC., Respondent. [912 NYS2d 293]—

In an action, inter alia, to recover damages for breach of contract and on an account stated, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated May 12, 2009, which, in effect, granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) is denied.

On October 8, 2007, the plaintiff entered into an advertising agreement with the defendant. Next to the defendant's name, the words "agency for Body Solutions Unlimited" were written. Pursuant to the advertising agreement, the plaintiff was to bill the defendant directly for advertisements of Body Solutions Unlimited's services which were placed in the plaintiff's "books" at the request of the defendant. The advertising agreement also provided that the billing would be guaranteed by the "client" without identifying which entity was the client, although it appeared from the language of the advertising agreement that Body Solutions Unlimited was considered to be the client.

On the same date that the advertising agreement was executed, the defendant, by its president, executed an "application for billing account" (hereinafter the credit agreement) with the plaintiff, in its own name, using its own business address. The terms of the credit agreement required that "all purchases charged to applicant . . . shall be the obligation of applicant." At the bottom of the document, the defendant was identified as the applicant.

On September 3, 2008, the plaintiff issued a statement to the defendant showing a balance of $34,814.25, and that most of that amount was due for over 120 days. The defendant failed to make payment.

The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract and on an account stated. In response to the complaint, the defendant moved to dismiss pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211 (a) (1) only. The plaintiff appeals, and we reverse.

"A motion to dismiss a complaint based on documentary evi-

dence 'may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1128 [2009], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Wild Oaks, LLC v Beehan*, 77 AD3d 924 [2001]; *Roth v R & P Rest. Corp.*, 68 AD3d 961 [2009]; *Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401 [2009]; *Troccoli v Zarabi*, 57 AD3d 971, 972 [2008]). Here, the defendant relied upon, inter alia, the advertising agreement and a letter from its counsel to the plaintiff's attorney maintaining that the defendant was not responsible for any charges relating to advertising on behalf of Body Solutions Unlimited, since the defendant purchased the advertising as an agent of Body Solutions Unlimited and the plaintiff was aware of this relationship. Contrary to the Supreme Court's determination, these documents did not utterly refute the plaintiff's allegations that the defendant owed it $34,814.25, particularly in light of the credit agreement. Accordingly, the defendant failed to establish a defense as a matter of law and that branch of its motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (1) should have been denied (*see Wild Oaks, LLC v Beehan*, 77 AD3d 924 [2001]; *Stein v Garfield Regency Condominium*, 65 AD3d 1126 [2009]). Skelos, J.P., Eng, Hall and Lott, JJ., concur.