■ Deborah Etzion, Appellant, v Rafael Etzion, Respondent, et al., Defendants. [924 NYS2d 438]—

In an action, inter alia, to recover damages for fraudulent misrepresentation in connection with negotiations relating to a stipulation of settlement dated June 8, 2005, which was incorporated, but not merged, into the judgment of divorce referable to the plaintiff former wife and the defendant former husband, Rafael Etzion, dated August 16, 2005, the plaintiff appeals from an order of the Supreme Court, Nassau County (Maron, J.), entered August 4, 2010, which denied her motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the counterclaim asserted by the defendant former husband, Rafael Etzion or, in the alternative, for summary judgment dismissing the counterclaim.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the counterclaim asserted by the defendant former husband, Rafael Etzion, is granted, and those branches of the plaintiff's motion which were to dismiss the counterclaim pursuant to CPLR 3211 (a) (7) or, in the alternative, for summary judgment dismissing the counterclaim, are denied as academic.

The facts of this action are set forth in our decision and order on a prior appeal (see *Etzion v Etzion*, 62 AD3d 646 [2009]).

On this appeal, the plaintiff contends that the Supreme Court erred in denying her motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss a counterclaim asserted by the defendant former husband, Rafael Etzion (hereinafter the defendant), for an award of an attorney's fee pursuant to the terms of a stipulation of settlement entered into by the defendant and the plaintiff on June 8, 2005, or, in the alternative, for summary judgment dismissing the counterclaim.

Parties are free to enter into agreements that "not only bind[ ] them, but which the courts are bound to enforce" (*Greve v Aetna Live-Stock Ins. Co.*, 30 NYS 668, 670 [1894]). Marital contracts are "subject to principles of contract [construction and] interpretation" (*Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Girardin v Girardin*, 281 AD2d 457, 457 [2001]). Moreover, "[w]here a stipulation of settlement provides the basis for an award of an attorney's fee, the terms of the agreement control" (*Arato v Arato*, 15 AD3d 511, 512 [2005]; *see Sweeney v Sweeney*, 71 AD3d 989, 992 [2010]).

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]).

"Where . . . the contract is clear and unambiguous on its face, the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (*Rainbow v Swisher*, 72 NY2d at 109; *see Matter of Meccico v Meccico*, 76 NY2d 822 [1990]; *Clark v Clark*, 33 AD3d 836, 837 [2006]; *see also Kass v Kass*, 91 NY2d 554, 556 [1998]). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d at 569; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

" '[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing' " (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004], quoting *Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]; *see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 13 NY3d 398, 404 [2009]; *McWade v McWade*, 253 AD2d 798, 799 [1998]). Thus, a court "will not imply a term where the circumstances surrounding the formation of the contract indicate that the parties, when the contract was made, must have foreseen the contingency at issue and the agreement can be enforced according to its terms" (*Reiss v Financial Performance Corp.*, 97 NY2d at 199; *see Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006]). "The construction and interpretation of an unambiguous written contract is an issue of law within the province of the court" (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]; *see Katina, Inc. v Famiglietti*, 306 AD2d 440, 441 [2003]).

Here, the defendant's counterclaim for an award of an attorney's fee is based on an overbroad reading of an attorney's-fee provision in the parties' stipulation of settlement executed on June 8, 2005 (hereinafter the agreement), which was subsequently incorporated, but not merged, into their judgment of divorce. The parties' separation agreement, at article XXV, paragraph 3, states, in relevant part: "In the event either party is forced to seek aid of counsel in *enforcing* any rights pursuant to this Stipulation, and in the event that party is successful in *enforcing* such right(s), the other shall reimburse him or her for any reasonable attorneys' fees necessarily incurred in *enforcing* such rights. The provisions of this paragraph shall be in addition, and without prejudice or limitation, to any other rights or remedies to which the aggrieved party may be entitled. The parties agree that the purpose of this paragraph is to prevent unnecessary litigation between them and to encourage each to

fulfill his or her responsibilities under the terms of this Stipulation as fully as possible" (emphasis added).

The defendant, in his counterclaim, asserts that he was entitled to an award of an attorney's fee pursuant to the fees provision because he has been forced, in effect, to defend his rights under the separation agreement. However, the agreement clearly and unambiguously provides that only the party seeking to *enforce* any rights under the agreement shall be entitled to an attorney's fee, if successful. The defendant is not enforcing any rights under the agreement by simply defending against the plaintiff's motion (*see Ferrara v Ferrara*, 42 AD3d 426, 427 [2007]). Had the parties intended the fees provision to be construed as the defendant contends, they were free to expressly so provide (*id.* at 427).

" '[W]here . . . documentary evidence utterly refutes [the proponent's] factual allegations, conclusively establishing a defense as a matter of law,' " a motion to dismiss may be properly granted (*Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1128 [2009], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc.*, 77 AD3d 924, 926 [2010]; *Roth v R & P Rest. Corp.*, 68 AD3d 961, 963 [2009]; *Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401, 402 [2009]; *Troccoli v Zarabi*, 57 AD3d 971, 972 [2008]). Based upon the documentary evidence, consisting of the agreement, the plaintiff conclusively established, as a matter of law, that the defendant is not entitled to an award of an attorney's fee, regardless of the outcome of the current dispute.

Accordingly, the Supreme Court erred in denying that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim pursuant to CPLR 3211 (a) (1). Angiolillo, J.P., Florio, Belen and Austin, JJ., concur.