■ Kathleen Guido, Respondent, v Orange Regional Medical Center, Appellant. [958 NYS2d 195]—

In an action to recover damages for fraudulent inducement and breach of contract, the defendant appeals from an order of

the Supreme Court, Orange County (McGuirk, J.), dated July 7, 2011, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's demand for punitive damages insofar as it relates to the second cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

In April 2008, the plaintiff was approached by representatives of the defendant, Orange Regional Medical Center (hereinafter ORMC), to become its vice-president of Patient Care and Chief Nursing Officer. At the time, the plaintiff was employed by Benedictine Hospital. The plaintiff alleges that ORMC's chief executive officer and its vice president of human resources falsely represented to her that ORMC's nursing department had "passed" its most recent Joint Commission Survey. She alleges that she relied on these representations and left her position with Benedictine Hospital and accepted employment with ORMC.

In June 2009, ORMC and the plaintiff executed a written severance agreement which provided that, upon termination of the plaintiff's employment, for any reason other than voluntary resignation, cause, permanent disability, or death, ORMC would pay severance benefits to the plaintiff. The severance agreement defined the term "voluntary resignation" as "any termination caused by the Employee's own voluntary action without threats, intimidation or coercion by ORMC." The severance agreement also provided that "[n]othing in this agreement modifies the Employee's status as an employee at will." In a letter dated September 28, 2010, the plaintiff informed ORMC that she was resigning.

Thereafter, the plaintiff commenced this action against ORMC to recover damages for fraudulent inducement and breach of the severance agreement.

With respect to the first cause of action, alleging fraudulent inducement, the plaintiff alleged that ORMC "was successful in inducing [her] to leave her prior employment . . . in order to become the director of [ORMC's] nursing department" by falsely representing the results of the Joint Commission Survey

conducted immediately prior to her commencing employment with ORMC. She alleged that ORMC misrepresented to her that it "passed" the survey, even though it had only received a "conditional accreditation status." The plaintiff alleged that ORMC's representations were material to her since "the failure to pass the Joint Commission Survey would have been indicative of problems with [ORMC], including potentially unsafe practices and procedures, and would have portended significantly more time and effort in order to perform the functions and job responsibilities for which [she] had been hired by [ORMC], including the additional time and effort required in order to bring [ORMC] in compliance with the Joint Commission's protocols, standards and goals."

In the second cause of action, the plaintiff sought to recover damages for breach of contract, alleging that her resignation was not a "voluntary resignation" within the meaning of the severance agreement because it was caused by ORMC's threats, intimidation, and coercion, which included, inter alia, allowing other ORMC employees to harass, intimidate, criticize, and berate her, disregarding her authority to direct the implementation of nursing policies and procedures, nursing standards and nurse staffing plans, and interfering with her obligations to assure competent health care to the patients and to comply with the nursing code of ethics. As a result, she alleged that she was entitled to the benefits set forth in the severance agreement but, despite demands for same, ORMC refused to provide those benefits to her.

ORMC moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court denied the motion.

"A motion to dismiss a complaint based on documentary evidence 'may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Stein v Garfield Regency Condominium*, 65 AD3d 1126, 1128 [2009], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc.*, 77 AD3d 924 [2010]). Further, "[i]n order for evidence to qualify as 'documentary,' it must be unambiguous, authentic, and undeniable" (*Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010]).

Initially, we note that the printout from the Joint Commission website and the plaintiff's resignation letter, upon which ORMC relied, were not, under the circumstances of this case, documentary evidence for the purpose of a motion pursuant to

CPLR 3211 (a) (1) (*see Granada Condominium III Assn. v Palomino*, 78 AD3d at 997; *Fontanetta v John Doe 1*, 73 AD3d 78, 85-86 [2010]). However, the severance agreement submitted by ORMC was documentary evidence within the meaning of CPLR 3211 (a) (1) (*see Leon v Martinez*, 84 NY2d at 87; *Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc.*, 77 AD3d 924 [2010]; *Stein v Garfield Regency Condominium*, 65 AD3d at 1128), and the terms of that agreement conclusively demonstrate that the plaintiff's employment was at-will (*see Horn v New York Times*, 100 NY2d 85, 90-91 [2003]; *Monheit v Petrocelli Elec. Co., Inc.*, 73 AD3d 714 [2010]; *McHenry v Lawrence*, 66 AD3d 650, 651 [2009]). Where, as here, "a plaintiff is offered only at-will employment, he or she will generally be unable to establish reasonable reliance on a prospective employer's representations" (*Epifani v Johnson*, 65 AD3d 224, 230 [2009]; *see Marino v Oakwood Care Ctr.*, 5 AD3d 740, 741 [2004]), which is an element necessary to the recovery of damages under a theory of fraudulent inducement (*see Epifani v Johnson*, 65 AD3d at 230; *Stone v Schulz*, 231 AD2d 707, 708 [1996]). The at-will employment doctrine thus bars a cause of action sounding in fraudulent inducement, even where the circumstances pertain to a plaintiff's acceptance of an offer of a position rather than his or her termination (*see Epifani v Johnson*, 65 AD3d at 230). Since the severance agreement established that the plaintiff accepted a position at ORMC as an employee at-will, she is barred from asserting the first cause of action alleging that she was fraudulently induced to accept the position based on alleged misrepresentations about the results of the Joint Commission Survey. Accordingly, the Supreme Court should have granted that branch of ORMC's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action. However, the court properly denied that branch of the motion which was pursuant to CPLR 3211 (a) (1) to dismiss the second cause of action, since the severance agreement did not conclusively refute the plaintiff's claims with respect to OMRC's breach of contract.

The Supreme Court also properly denied that branch of ORMC's motion which was to dismiss the plaintiff's second cause of action pursuant to CPLR 3211 (a) (7). "When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether

the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d at 1181 [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d at 87-88). " 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus' " (*Sokol v Leader*, 74 AD3d at 1181, quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). Applying these principles here, the allegations set forth in the complaint, construed liberally, state a valid cause of action to recover damages for breach of contract. The plaintiff alleged that there existed a contract between ORMC and herself, that there was consideration for the contract, that she performed under the contract and did not voluntarily resign, that ORMC breached the contract by failing to pay her severance benefits, and that she was damaged as a result (*see Palmetto Partners, L.P. v AJW Qualified Partners, LLC*, 83 AD3d 804, 806 [2011]; *JP Morgan Chase v J.H. Elec. of N.Y., Inc.*, 69 AD3d 802 [2010]; *Furia v Furia*, 116 AD2d 694 [1986]).

However, the Supreme Court should have granted that branch of ORMC's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's demand for punitive damages insofar as such demand relates to the remaining cause of action to recover damages for breach of contract. The allegations in the complaint concerning the breach of the severance agreement related solely to remedying a private wrong (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]; *Nationwide Insulation & Sales, Inc. v Nova Cas. Co.*, 74 AD3d 1297, 1299 [2010]; *Reads Co., LLC v Katz*, 72 AD3d 1054, 1054 [2010]). Although the complaint contained allegations concerning the safety of ORMC's patients, those allegations did not relate to the breach of contract cause of action. Eng, P.J., Skelos, Dillon and Austin, JJ., concur.