*500 OPINION OF THE COURT
Robert S. Rose, J.
In this action to recover damages for defendants’ allegedly wrongful discharge of plaintiff from their employment on October 30, 1996, defendants move for dismissal of the complaint on the ground that even if its allegations were true, no valid cause of action would be stated.
In opposition, plaintiffs attorney files an affidavit pointing out that defendants have submitted only the affidavit of their attorney which states in conclusory terms that the complaint fails to state a cause of action. He argues that defendants have failed to provide any facts or legal theories to which plaintiff could respond.
In reply, defendants submit a memorandum of law arguing that plaintiff had been an employee at will who could be terminated for any reason or for no reason, that the allegations of the complaint demonstrate no sexual discrimination in employment, and that plaintiff is effectively seeking damages for an alienation of affections which is not a recognized cause of action in New York.
As to plaintiff’s second cause of action, defendants argue that she cannot recover overtime pay because she did not allege that she had been an hourly employee and not an executive employee, and that she failed to allege any explicit contract or promise that she would be paid for extra work even if such work were shown to have been outside the scope of her normal duties.
In the first cause of action of her complaint, plaintiff asserted that she had been employed as a legal secretary by defendants since August of 1989, that defendant Peter Orville, Esq., made persistent sexual advances which she eventually accepted based upon his representations that he loved her and would obtain a divorce in order to marry her, that she entered an intimate relationship with Mr. Orville believing it would not change her employment, and that defendants terminated her employment solely because Mr. Orville no longer desired to continue that relationship. She alleged that her termination was discriminatory conduct of her employer in violation of section 296 of the Executive Law, and that such conduct has caused her great emotional distress and a loss of wages.
In her second cause of action, plaintiff asserted that Mr. Orville’s representations induced her to work long hours without adequate compensation which resulted in defendants’ unjust *501 enrichment for which she should recover damages in quantum meruit.
On a motion to dismiss for failure to state a cause of action, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88).
As to the first cause of action, plaintiff does not seek to recover for alienation of her affections, but the loss of her employment as the result of allegedly discriminatory conduct. Since she was an employee at will who could be discharged at any time for any reason or no reason (Murphy v American Home Prods. Corp., 58 NY2d 293), she must allege and ultimately demonstrate that her employer had an illegal or discriminatory reason for terminating her employment.
"In an action brought under the New York Human Rights Law alleging unlawful termination based on gender (Executive Law § 296), in order to establish a prima facie case of discrimination, the plaintiff must show that she was within a protected class, that she was qualified for the position in question, that she was denied the position, and that the denial occurred 'under circumstances which give rise to an inference of unlawful discrimination’ ” (Gilroy v Continental Corp., — AD2d —, —, 1997 NY Slip Op 01941 [2d Dept, Mar. 3, 1997], quoting Texas Dept. of Community Affairs v Burdine, 450 US 248, 253). Since the complaint here alleges facts that would readily establish the first three elements, the only real issue is whether the alleged circumstances of plaintiff’s termination also implicate unlawful discrimination.
This is not a typical case of quid pro quo sexual harassment because plaintiff does not allege that she was terminated because she had resisted defendant’s sexual advances or that her sexual services were a condition of her continued employment (see, Fletcher v Greiner, 106 Misc 2d 564, 570-571). However, she does assert that her employment was terminated on account of the discontinuance of her consensual sexual relationship with her employer, and, thus, the question becomes whether this allegation, if proven, would establish a sufficiently sexual motivation for her termination.
Although there apparently is no reported case considering this question, the court nevertheless concludes that the public policy embodied in the New York Human Rights Law also affords protection to an employee whose conditions of *502 employment are altered as a direct result of the termination of a consensual sexual relationship with his or her employer by either party. In effect, plaintiff’s complaint alleges that she was penalized for having engaged in a sexual relationship with defendant because the decision to terminate her employment was based on Mr. Orville’s sexual preferences rather than on her work performance. While the loss of a friendship or other good working relationship between an employer and employee might be a gender-neutral reason for termination if no sexual relationship were involved, the termination of employment as a result of the employer’s desire not to continue a prior sexual relationship with an employee is just as discriminatory as termination resulting from the employer’s desire to engage in an unwanted sexual relationship with an employee. Thus, the court finds that the complaint adequately states a cause of action for sexual discrimination in employment.
As to plaintiffs second cause of action, the court also is satisfied that plaintiff has stated a cause of action in implied contract or quantum meruit. A cause of action under a quasi-contract theory "only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party’s unjust enrichment” (Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 388). "In order to make out a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services” (Moore v Hall, 143 AD2d 336, 337-338; see also, Umscheid v Simnacher, 106 AD2d 380). While defendants’ suggestion that overtime may have been included in plaintiffs express employment contract could constitute a defense, her complaint states the elements of this cause of action sufficiently to meet the requirements of notice pleading.
Accordingly, defendants’ motion is denied.