[697 NYS2d 704]

Martha Mauro, Respondent, v Peter A. Orville et al., Appellants.

Third Department, October 28, 1999

*See, Mauro v Orville*, 172 Misc 2d 499.

APPEARANCES OF COUNSEL

*Richard J. Grace,* Binghamton, for appellants.

*Ronald Benjamin,* Binghamton (*Marya C. Young* of counsel), for respondent.

## OPINION OF THE COURT

MERCURE, J. P.

This appeal poses the question of whether a male employer's discharge of a female employee because of strained relations which existed following the employer's termination of their consensual sexual relationship may be found of itself to constitute sexual discrimination in violation of Executive Law § 296. We answer the question in the negative and accordingly reverse so much of Supreme Court's order as granted partial summary judgment in favor of plaintiff on her first cause of action.[1]

Defendant Peter A. Orville (hereinafter defendant)[2] is an attorney with an office for the practice of law in the City of Binghamton, Broome County. Defendant hired plaintiff as a legal secretary in 1989. Over the ensuing years, plaintiff's duties and responsibilities grew and she ultimately became defendant's office manager, confidante and friend. In February or March 1995, the parties' relationship became intimate. It is undisputed that this relationship and the sexual conduct it encompassed was not the product of any coercion on defendant's part. To the contrary, plaintiff candidly acknowledges that she and defendant cared about one another personally and that their personal relationship was wholly consensual and had nothing to do with the continuation of plaintiff's employment. The affair lasted until September 1996 when defendant broke it off, stating that he wanted to attempt a reconciliation with his wife. Plaintiff claims that defendant terminated her employment on October 30, 1996 because he no longer desired to have an intimate relationship with her and that defendant's conduct violated Executive Law § 296 "in that defendant * * * treated plaintiff and her conditions of employment as aforesaid solely due to her sex".

Following defendants' unsuccessful motion to dismiss the complaint for failure to state a cause of action (*see,* 172 Misc 2d

---

1. Plaintiff's second cause of action, seeking damages on a quantum meruit theory, is not at issue here.

2. For the purpose of our analysis, we will treat defendant and his professional corporation, defendant Peter A. Orville, P. C., as a unitary entity.

499), joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Based upon the purported concession made by defendants' counsel at oral argument that plaintiff was discharged because defendant's wife objected to plaintiff's continued employment, Supreme Court concluded that plaintiff's discharge occurred under circumstances giving rise to an inference of discrimination "because plaintiff was discharged as a result of her past sexual relationship with [defendant]". Supreme Court reasoned: "The fact that Mrs. Orville did not wish [defendant] to continue to employ his past mistress because she did not trust him does not insulate defendants from liability. Just as if Mrs. Orville had decreed that her husband have no black or Jewish employees because of their race or ethnicity, defendants' acquiescence to Mrs. Orville's demand that they not employ plaintiff because of her past sexual behavior evidences an illegal discriminatory motive for her discharge". We are unpersuaded.

Executive Law § 296 (1) (a) and title VII of the Civil Rights Act of 1964 (42 USC § 2000e-2)[3] make it an unlawful discriminatory practice for an employer to refuse to hire, to discharge, or to discriminate in compensation or in terms, conditions or privileges of employment because of, as relevant here, the sex of any individual. Under the current state of the law, a plaintiff seeking to recover for sexual harassment must proceed under one of two theories, i.e., sexual harassment by reason of a hostile work environment or quid pro quo sexual harassment (see, Meritor Sav. Bank v Vinson, 477 US 57, 64-65; Karibian v Columbia Univ., 14 F3d 773, 777, cert denied 512 US 1213). Sexual harassment by reason of a hostile work environment occurs when an employer's " 'conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment' " (Meritor Sav. Bank v Vinson, supra, at 65, quoting 29 CFR 1604.11 [a] [3]). The law is violated when the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment (see, Harris v Forklift Sys., 510 US 17, 21).

In order to establish a prima facie case of quid pro quo sexual harassment, a plaintiff must present evidence that he or she

---

3.  Because the language of the two statutory provisions is almost identical, New York courts may rely upon title VII case law in interpreting Executive Law § 296 (see, Ferrante v American Lung Assn., 90 NY2d 623, 629).

was subjected to unwelcome sexual conduct and that the reaction to that conduct was then used as a basis for decisions, either actual or threatened, affecting compensation, terms, conditions or privileges of employment (*see, Karibian v Columbia Univ., supra,* at 777; *Matter of Bartle v Mercado,* 235 AD2d 651, 653, *lv denied* 89 NY2d 815; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44, 50, *lv denied* 89 NY2d 809). "The relevant inquiry in a quid pro quo case is whether the [employer] has linked tangible job benefits to the acceptance or rejection of sexual advances" (*Karibian v Columbia Univ., supra,* at 778).

Of course, whether the theory underlying the complaint is quid pro quo sexual harassment or sexual harassment by reason of a hostile work environment, the claimed harassment must be based on "sex". In this case, the analysis initially developed by Supreme Court and now propounded by plaintiff is that, because plaintiff would not have lost her job if she had not engaged in a sexual relationship with defendant, she was discriminated against on the basis of her "sex", i.e., her past sexual activity. In our view, that analysis is fatally flawed.

Initially, plaintiff has given the word "sex" an overbroad definition. In proscribing discrimination because of sex, the critical concern is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the opposite sex are not exposed (*see, Oncale v Sundowner Offshore Servs.,* 523 US 75, 80). As such, it is clear that the statutory term "sex" is to be taken as synonymous with "gender" and does not include such concepts as "sexual activity", "sexual liaisons" or "sexual attractions" (*see, DeCintio v Westchester County Med. Ctr.,* 807 F2d 304, 306, *cert denied* 484 US 825). Although surely antithetical to good business practices, discrimination against an employee on the basis of a failed voluntary sexual relationship does not of itself constitute discrimination because of sex (*see, Huebschen v Department of Health & Social Servs.,* 716 F2d 1167, 1172; *Keppler v Hinsdale Twp. High School Dist. 86,* 715 F Supp 862, 868-869; *Freeman v Continental Tech. Servs.,* 710 F Supp 328; *Koster v Chase Manhattan Bank,* 687 F Supp 848). Rather, "[a]n employee who chooses to become involved in an intimate affair with her employer * * * removes an element of her employment relationship from the workplace, and in the realm of private affairs people do have the right to react to rejection, jealousy and other emotions which [the Human Rights Law] says have no place in the employment setting" (*Keppler v Hinsdale Twp.*

*High School Dist. 86, supra,* at 869; *see also, Succar v Dade County School Bd.,* 60 F Supp 2d 1309).

Further, because a cause of action for sexual harassment is predicated upon, among other things, a showing that the allegedly harassing conduct was unwelcome (*see, Babcock v Frank,* 729 F Supp 279, 287; *see also, Meritor Sav. Bank v Vinson,* 477 US 57, 68, *supra*), plaintiff's action is defeated by the uncontradicted evidence that her sexual relationship with defendant was consensual and motivated by the parties' affection for one another. Although *Babcock v Frank (supra)* stands for the proposition that the plaintiff's prior consensual relationship with the defendant will not of itself bar a claim of quid pro quo sexual harassment (*see, id.,* at 287-288), the finding of discrimination in that case was predicated upon evidence that, following the termination of a voluntary sexual relationship, the plaintiff's supervisor used "his supervisorial authority to blackmail [the plaintiff] into again accepting his sexual advances" (*id.,* at 288; *see, Green v Administrators of Tulane Educ. Fund,* 1999 US Dist LEXIS 12686, 1999 WL 622904 [ED La, Aug. 12, 1999, Duval, J.]; *Schrader v E.G.& G., Inc.,* 953 F Supp 1160, 1167). In contrast, the present record contains no evidence that plaintiff was subjected to any unwelcome sexual conduct following the breakup of the consensual relationship, a fact that is not surprising considering that it was *defendant* who broke off the parties' relationship.

For the foregoing reasons, we conclude that Supreme Court should have granted defendants' summary judgment motion and dismissed the first cause of action of the complaint.

CREW III, PETERS, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the first cause of action and awarded partial summary judgment in favor of plaintiff on the issue of liability on said cause of action; defendants' motion granted with regard to the first cause of action and said cause of action dismissed; and, as so modified, affirmed.