[938 NE2d 325, 912 NYS2d 172]

JAMES SYKES et al., Appellants, v RFD THIRD AVENUE 1 ASSOCI-
ATES, LLC, et al., Defendants, and COSENTINI ASSOCIATES,
LLP, Respondent.

Argued September 14, 2010; decided October 19, 2010

### POINTS OF COUNSEL

*Adam Leitman Bailey, P.C.*, New York City (*Jeffrey R. Metz, Adam Leitman Bailey, John M. Desiderio* and *Donald B. Mitchell* of counsel), for appellants. Appellants sufficiently pleaded a cause of action for negligent misrepresentation against Cosentini Associates, LLP. (*Leon v Martinez*, 84 NY2d 83; *Guggenheimer v Ginzburg*, 43 NY2d 268; *Barr v Wackman*, 36 NY2d 371; *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377; *Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417; *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536; *Parrott v Coopers & Lybrand*, 263 AD2d 316; *Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron*, 183 AD2d 488; *Bri-Den Constr. Co., Inc. v Kapell & Kostow Architects, P.C.*, 56 AD3d 355.)

*Wilson Elser Moskowitz Edelman & Dicker LLP*, New York City (*Richard E. Lerner* and *Judy C. Selmeci* of counsel), for respondent. I. James and Ellen Sykes are not alleged to have been and were not "known" to Cosentini Associates, LLP at the time of its contract with RFD Third Avenue 1 Associates, LLC. (*Bri-Den Constr. Co., Inc. v Kapell & Kostow Architects, P.C.*, 56 AD3d 355; *Securities Inv. Protection Corp. v BDO Seidman*, 95 NY2d 702.) II. James and Ellen Sykes' complaint fails to allege a relationship of or approaching privity. Absent such a relationship, the cause of action for negligent misrepresentation fails. (*Parrott v Coopers & Lybrand*, 95 NY2d 479; *Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417; *Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron*, 183 AD2d 488.) III. James and Ellen Sykes failed to allege what statement made by Cosentini Associates, LLP contained a misrepresentation. (*Carle Place Union Free School Dist. v Bat-Jac Constr., Inc.*, 28 AD3d 596.)

IV. James and Ellen Sykes' action is time-barred. (*Yoshiharu Igarashi v Shohaku Higashi*, 289 AD2d 128.)

### OPINION OF THE COURT

SMITH, J.

We hold that an action for negligent misrepresentation must be dismissed where the complaint does not allege that the misrepresentations were made with knowledge that plaintiffs would rely on them.

Cosentini Associates, a mechanical engineering firm, was hired to design the heating, ventilation and air conditioning systems for a Manhattan condominium. Plaintiffs, who bought an apartment in the building, claim that Cosentini designed the systems negligently, with the result that their apartment was too cold in winter and too hot in summer. They brought claims against Cosentini for breach of contract, professional malpractice, fraud and negligent misrepresentation. It is now undisputed that the first two of those claims are barred by the statute of limitations, and that plaintiffs have not pleaded a valid fraud claim. Only the claim for negligent misrepresentation is now before us.

That claim is based on statements made in the offering plan given to plaintiffs before they purchased their apartment. The plan contained descriptions of the heating and air conditioning systems, saying among other things that they were capable of maintaining certain indoor temperatures in hot and cold weather. Plaintiffs allege that these statements can be attributed to Cosentini; that Cosentini was negligent in making them; that the statements were false; and that plaintiffs relied on them in purchasing their apartment.

Supreme Court denied Cosentini's motion to dismiss the claim (2007 NY Slip Op 34431[U]). The Appellate Division, with two Justices dissenting, reversed, holding that plaintiffs had failed to allege a relationship between themselves and Cosentini of the kind that is necessary in a negligent misrepresentation case (67 AD3d 162 [2009]). Plaintiffs appeal to this Court as of right, pursuant to CPLR 5601 (a), and we now affirm.

It has long been the law in New York that a plaintiff in an action for negligent misrepresentation must show either privity of contract between the plaintiff and the defendant or a relationship "so close as to approach that of privity" (*Ultramares Corp. v Touche*, 255 NY 170, 182-183 [1931, Cardozo, Ch. J.]; *see*

*Glanzer v Shepard*, 233 NY 236 [1922, Cardozo, J.]). In *Credit Alliance Corp. v Arthur Andersen & Co.* (65 NY2d 536, 551 [1985]), an action against a firm of accountants, we listed "certain prerequisites" that "must be satisfied" before the necessary relationship will be found to exist:

> "(1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance."

We have made clear since *Credit Alliance* that these requirements do not apply to accountants only—indeed, we have applied them in an action against engineering firms (*Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424 [1989]).

 Plaintiffs' claim here fails the second branch of the *Credit Alliance* test: plaintiffs have not sufficiently alleged that they were a "known party or parties," as *Credit Alliance* requires. While Cosentini obviously knew in general that prospective purchasers of apartments would rely on the offering plan, there is no indication that it knew these plaintiffs would be among them, or indeed that Cosentini knew or had the means of knowing of plaintiffs' existence when it made the statements for which it is being sued.

The words "known party or parties" in the *Credit Alliance* test mean what they say. That is confirmed by *Westpac Banking Corp. v Deschamps* (66 NY2d 16 [1985]), decided a few months after *Credit Alliance*. There the plaintiff, Westpac, had made a bridge loan to a borrower, Turnkey, that was unable to repay it. Westpac sued an accounting firm, Seidman, for negligently certifying Turnkey's financial statements. Westpac alleged that, when Seidman made the certification, it knew that a bridge lender would rely on it, and that it knew or could have known that Westpac was a possible bridge lender. We held that this was not enough:

> "Westpac claims only that it was one of a class of 'potential bridge lenders,' to which class as a whole Seidman owed a duty, and that it should be considered a 'known party' because it was as of the date of

the certification a substantial lender to Turnkey, and 'thus a prime candidate for a bridge loan.' This is not, however, the equivalent of knowledge of 'the identity of the specific nonprivy party who would be relying upon the audit reports' (*Credit Alliance Corp. v Andersen & Co.*, 65 NY2d, at p 554, *supra*)." (*Id.* at 19.)

*Westpac* was, if anything, a stronger case for the plaintiff than this one. Here, it is not even alleged that Cosentini knew or had the means of knowing that plaintiffs were possible purchasers of an apartment. Since Cosentini did not know "the identity of the specific nonprivy party who would be relying," the complaint falls short of satisfying the *Credit Alliance* test. *Board of Mgrs. of Astor Terrace Condominium v Schuman, Lichtenstein, Claman & Efron* (183 AD2d 488 [1st Dept 1992]), relied on by the Appellate Division dissenters, is, as the Appellate Division majority pointed out, inconsistent with *Credit Alliance* and our cases applying it.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed, with costs.