■ PETRA RIETSCHEL, Appellant, v MAIMONIDES MEDICAL CENTER et al., Respondents. [921 NYS2d 290]—

In an action to recover damages for sexual harassment, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated March 12, 2010, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) is denied.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC,* 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez,* 84 NY2d 83, 87 [1994]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275 [1977]; *Fishberger v Voss,* 51 AD3d 627, 628 [2008]). "A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen,* 37 AD3d 670, 670 [2007]; *see Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]).

Here, the plaintiff alleged that, following the end of a consensual sexual relationship with the defendant Patrick

Borgen, he made unwelcomed sexual advances, which she rebuffed, and that her reaction was used as a basis for not renewing her employment with the defendant Maimonides Medical Center (*see Mauro v Orville*, 259 AD2d 89, 91-92 [1999]). Contrary to the defendants' contention, the fact that the parties had engaged in a consensual relationship prior to the alleged unwelcomed sexual advances does not warrant dismissal of the complaint (*see Babcock v Frank*, 729 F Supp 279, 287 [1990]; *Keppler v Hinsdale Tp. High School Dist. 86*, 715 F Supp 862, 867-868 [1989]; *cf. Mauro v Orville*, 259 AD2d at 93). Further, the evidence the defendants submitted failed to establish that the plaintiff's allegation that Borgen was her supervisor or had the ability to influence employment decisions is not a fact at all and that no significant dispute exists regarding it (*see Guggenheimer v Ginzburg*, 43 NY2d at 274-275; *Kotcher v Rosa & Sullivan Appliance Ctr., Inc.*, 957 F2d 59, 62 [1992]; *cf. Myers v Office Depot, Inc.*, 2007 WL 2413087 [2007], 2007 US Dist LEXIS 59231 [ED Mich 2007]). Thus, the defendants were not entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (7).

Nor were the defendants entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (1). The evidence the defendants submitted either was not documentary within the meaning of CPLR 3211 (a) (1) or failed to utterly refute the plaintiff's allegations and conclusively establish a defense as a matter of law (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996-997 [2010]; *Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010]).

The parties' remaining contentions are either academic in light of the determination or without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.