■ DANIELLE ASCANI, Respondent, v EI DU PONT DE NEMOURS & COMPANY et al., Defendants, and WASCO WHOLESALE AUTO SUPPLY CORP., Appellant. [925 NYS2d 836]—

In an action to recover damages for personal injuries, the defendant WASCO Wholesale Auto Supply Corp. appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), entered December 1, 2009, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it and for costs and an award of an attorney's fee pursuant to CPLR 8303-a.

Ordered that the order is affirmed, with costs.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010] [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827

[2007]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). Here, the evidentiary materials submitted by the defendant WASCO Wholesale Auto Supply Corp. (hereinafter the appellant), consisting largely of affidavits and deposition testimony, did not establish that " 'a material fact as claimed by the pleader to be one is not a fact at all' " and that " 'no significant dispute exists regarding it' " (*Sokol v Leader*, 74 AD3d at 1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Thus, the Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

The appellant's remaining contention is without merit. Covello, J.P., Leventhal, Lott and Miller, JJ., concur.