(July 19, 2011)

■ Cog-Net Building Corp., Respondent, v Travelers Indemnity Company, Defendant, and Russo Picciurro Maloy, LLC, Doing Business as RPM Insurance Agency, Appellant. [927 NYS2d 669]—

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only where the documentary evidence submitted by the movant utterly refutes the plaintiff's allegations against it and conclusively establishes a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810, 811 [2011]; *Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010]). Here, the documentary evidence submitted by the ap-

pellant failed to satisfy this standard, and the Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it.

Furthermore, "[i]n considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), 'the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Ascani v EI Du Pont de Nemours & Co.*, 85 AD3d 830, 830 [2011], quoting *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Rietschel v Maimonides Med. Ctr.*, 83 AD3d at 810; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Sokol v Leader*, 74 AD3d at 1180-1181). The plaintiff alleged in its complaint that it had a relationship with the appellant "so close as to approach that of privity" (*Sykes v RFD Third Ave. 1 Assoc., LLC*, 15 NY3d 370, 372 [2010] [internal quotation marks omitted]). Since the appellant failed to show that this material fact alleged by the plaintiff was not a fact at all, and failed, moreover, to demonstrate that no significant dispute exists regarding the allegation, the appellant was not entitled to dismissal of the causes of action sounding in negligent misrepresentation and negligent failure to procure insurance (*cf. Sykes v RFD Third Ave. 1 Assoc., LLC*, 15 NY3d 370 [2010]; *Benjamin Shapiro Realty Co. v Kemper Natl. Ins. Cos.*, 303 AD2d 245, 245-246 [2003]). Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32497(U).]**