RAYMOND YOUNG, Appellant, v JENNIFER CAMPBELL et al., Respondents. [929 NYS2d 249]—

The defendants are psychologists and social workers. Some of the defendants were appointed by the Supreme Court as neutral experts in the plaintiff's divorce action, and others by the Family Court in a neglect proceeding which was brought against the plaintiff's wife to aid the court in making determinations about custody of, and visitation with, the plaintiff's children. In the first, third, fifth, and seventh causes of action, the plaintiff seeks to recover damages for the alleged negligence and malpractice of the defendants in the performance of their work in the divorce and custody litigation. In support of their respective motions to dismiss, the defendants submitted affidavits concerning their work in the previous litigation and the orders pursuant to which they were appointed to aid the courts.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810, 810 [2011] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Rietschel v Maimonides Med. Ctr.*, 83 AD3d at

810; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]). Evidence submitted by a defendant in support of a motion pursuant to CPLR 3211 (a) (7) does not warrant dismissal unless it "conclusively" establishes that the plaintiff has no cause of action (*Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008] [internal quotation marks omitted]; *Sokol v Leader*, 74 AD3d 1180, 1182 [2010] [internal quotation marks omitted]).

Here, the evidentiary material submitted by the defendants on their respective motions established conclusively that judicial immunity precludes the plaintiff from recovering damages for negligence or malpractice against them (*see Mosher-Simons v County of Allegany*, 99 NY2d 214, 220 [2002]; *Tolisano v Texon*, 75 NY2d 732 [1989]; *Bridget M. v Billick*, 36 AD3d 489 [2007]; *Colombo v Schwartz*, 15 AD3d 522, 523 [2005]; *Hom v Reubins*, 268 AD2d 461 [2000]). Accordingly, the Supreme Court properly granted those branches of the separate motions of the defendants Jennifer Campbell, Campbell and Santoro, P.C., and Raymond Pagiola, the defendant Matthew Campbell, and the defendant Emily Chapel, which were pursuant to CPLR 3211 (a) (7) to dismiss the first and the third causes of action. Moreover, the defendants Martha Carlin, Child and Family Psychological Services, P.C., Jane Kelly, Lorna Bosak, Tara O'Hare, and Danielle Seidman established their prima facie entitlement to judgment as a matter of law dismissing the fifth and seventh causes of action on the ground of judicial immunity. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of their motion which was pursuant to CPLR 3212 for summary judgment dismissing those causes of action.

The second, fourth, and sixth causes of action were, in effect, pursuant to Social Services Law § 420 to recover damages for emotional distress and additional attorneys' fees the plaintiff allegedly incurred due to the alleged failure of all the defendants, except Martha Carlin, to report suspected child abuse pursuant to Social Services Law § 413 and to cause the children to be placed in protective custody pursuant to Social Services Law § 417. An injured child may assert a cause of action for damages under Social Services Law § 420 for alleged violations of sections 413 and 417, which were enacted to protect children from physical abuse (*see Bartels v County of Westchester*, 76 AD2d 517, 521 [1980]). However, these statutes do not provide a cause of action for the parent of the alleged abused child for the injuries the plaintiff alleged here (*see Lurene F. v Olsson*, 190 Misc 2d 642 [2002]). Furthermore, under the plain language of section 417, the defendants do not fall within the limited class

of persons subject to liability under that section. Accordingly, accepting the allegations of the complaint as true (*see Leon v Martinez*, 84 NY2d at 87), the second, fourth, and sixth causes of action fail to state a cognizable claim, and the Supreme Court properly dismissed them pursuant to CPLR 3211 (a) (7).

In light of our determination, it is unnecessary to reach the parties' remaining contentions. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.