In an action to recover damages for personal injuries, the third-party defendant Oliver C. McNicholas appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J), dated April 13, 2012, as denied those branches of his motion which were to dismiss the third-party complaint insofar as asserted against him pursuant to CPLR 3211 (a) or, alternatively, pursuant to CPLR 3211 (c) and 3212 for summary judgment dismissing the third-party complaint insofar as asserted against him.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
*922 A motion to dismiss a complaint based upon documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiffs factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of NY., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87 [1994]; Wild Oaks, LLC v Joseph A. Beehan, Jr. Gen. Contr., Inc., 77 AD3d 924 [2010]; Roth v R & P Rest. Corp., 68 AD3d 961 [2009]). Here, the documentary evidence submitted by the appellant failed to satisfy this standard. Accordingly, the Supreme Court properly denied that branch of the appellant’s motion which was pursuant to CPLR 3211 (a) (1) to dismiss the third-party complaint insofar as asserted against him.
“Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate” (Rietschel v Maimonides Med. Ctr., 83 AD3d 810, 810 [2011]; see Cog-Net Bldg. Corp. v Travelers Indem. Co., 86 AD3d 585, 586 [2011]). The defendant third-party plaintiff alleged in the third-party complaint that the appellant had been her insurance broker for more than 19 years and that she relied on him to maintain the proper insurance for her property. She also averred in her affidavit in opposition to the subject motion that one of the appellant’s employees assured her that although one of the insurance companies would be unable to provide general liability coverage for the subject property, the appellant would procure the requested coverage from another carrier. Since the appellant failed to show that these material facts alleged by the defendant third-party plaintiff were not facts at all and failed to demonstrate that no significant dispute exists regarding these allegations, the appellant was not entitled to dismissal of the third-party complaint insofar as asserted against him pursuant to CPLR 3211 (a) (7) (see Cog-Net Bldg. Corp. v Travelers Indem. Co., 86 AD3d at 586).
The appellant’s remaining contentions are either without merit or improperly raised for the first time on appeal. Skelos, J.E, Leventhal, Austin and Sgroi, JJ., concur.