■ Jack Siracusa, Appellant, v Audrey Sager et al., Respondents. [963 NYS2d 364]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated August 3, 2011, which granted the motion of the defendants Jeffrey Horn, Horn & Horn, and Horn Horn & Ramme which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint insofar as asserted against them, granted the separate motion of the defendants Audrey Sager, Steven Gellerman, and Sager & Gellerman, Esq., which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against them, and denied, as academic, his cross motion pursuant to CPLR 3211 (d) to stay the motions pending further discovery.

Ordered that the order is affirmed, with one bill of costs.

The defendants Jeffrey Horn, Horn & Horn, and Horn Horn & Ramme (hereinafter collectively the Horn defendants) moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) on the ground that they had a defense founded on documentary evidence, and pursuant to CPLR 3211 (a) (7) on the ground that the complaint failed to state a cause of action to recover damages for legal malpractice. The Supreme Court granted the motion on both grounds.

Initially, we agree with the plaintiff's contention that the

Horn defendants did not establish their entitlement to dismissal of the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1). "A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (*Bodden v Kean*, 86 AD3d 524, 526 [2011]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810, 810 [2011]). Here, the evidence submitted by the Horn defendants either was not documentary within the meaning of CPLR 3211 (a) (1) or failed to utterly refute the plaintiff's allegations and conclusively establish a defense as a matter of law (*see Rietschel v Maimonides Med. Ctr.*, 83 AD3d at 811; *Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010]; *see also Bodden v Kean*, 86 AD3d at 526).

However, the Supreme Court correctly granted the Horn defendants' motion to dismiss the complaint insofar as asserted against them to the extent that it was predicated on CPLR 3211 (a) (7), as well as the separate motion of the defendants Audrey Sager, Steven Gellerman, and Sager & Gellerman, Esq., to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7).

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810 [2011]).

To succeed in a legal malpractice action, a plaintiff must prove that his or her attorney failed to exercise that degree of care, skill, and diligence commonly possessed by a member of the legal community, and that this failure proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Markowitz v Kurzman Eisenberg Corbin Lever & Goodman, LLP*, 82 AD3d 719 [2011]; *Frederick v Meighan*, 75 AD3d 528, 531 [2010]; *Katz v Herzfeld & Rubin, P.C.*, 48 AD3d 640, 640-641 [2008]).

Here, the plaintiff's allegations with respect to whether the defendants exercised the degree of care, skill, and diligence commonly possessed by a member of the legal community

amounted to no more than his dissatisfaction with their "strategic choices" and, thus, as a matter of law, did not support a malpractice claim (*Albanese v Hametz*, 4 AD3d 379, 380 [2004]; *see Rosner v Paley*, 65 NY2d 736, 738 [1985]; *Bernstein v Oppenheim & Co.*, 160 AD2d 428, 430-431 [1990]; *cf. Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303 AD2d 561, 562 [2003]). In any event, the complaint fails to set forth facts sufficient to allege that the defendants' purported negligence proximately caused the plaintiff to sustain actual and ascertainable damages (*see Wald v Berwitz*, 62 AD3d 786 [2009]).

In light of the Supreme Court's proper determination that the complaint failed to state a cause of action, the Supreme Court correctly denied the plaintiff's cross motion as academic. Angiolillo, J.P., Chambers, Roman and Miller, JJ., concur. ■