■ PRINCES POINT LLC, Appellant, v AKRF ENGINEERING, P.C., Respondent, et al., Defendants. [983 NYS2d 727]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered November 28, 2012, which granted defendant AKRF Engineering, P.C.'s motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In this action by plaintiff, a prospective buyer of real property that underwent environmental remediation performed by defendant engineering firm for the seller several years before plaintiff became a potential buyer, the complaint alleges, inter alia, causes of action for negligent misrepresentation and fraud. The cause of action for negligent misrepresentation was properly dismissed since the underlying relationship between the parties is neither "one of contract" nor one that is "so close as to be the functional equivalent of contractual privity" (*see Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 419, 424 [1989]). The documents upon which plaintiff relies were prepared by defendant solely for the benefit of the seller and there is no evidence that defendant intended plaintiff to rely on the information (*see Sykes v RFD Third Ave. 1 Assoc., LLC*, 15 NY3d 370 [2010]). Additionally, as we held on a prior appeal, the contract for sale precluded plaintiff from relying on anything other than its own investigation and inspections of the property (110 AD3d 564 [1st Dept 2013]). Accordingly, plaintiff cannot claim reasonable reliance on any alleged misrepresentations.

Because plaintiff's reliance, if any, was unreasonable, its claim for fraud was also properly dismissed (*see Duane Thomas LLC v 62 Thomas Partners*, 300 AD2d 52 [1st Dept 2002], *lv denied* 100 NY2d 513 [2003]). Concur—Renwick, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ.