In an action, inter alia, for a judgment declaring that the plaintiff Green on Greene, LLC, holds title to certain real property free and clear of a mortgage held by the defendant, or, alternatively, that the mortgages held by the plaintiff 1507 Realty Services, LLC, on the same property are senior to the defendant’s mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated July 1, 2015, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint, granted that branch of the plaintiffs’ cross motion which was for summary judgment on the first cause of action, and, in effect, granted that branch of the cross motion which was for summary judgment declaring that the plaintiff Green on Greene, LLC, holds title to certain real property free and clear of a mortgage held by the defendant.
 

 Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) to dismiss the third cause of action, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provisions thereof granting that branch of the plaintiffs’ cross motion which was for summary judgment on the first cause of action and, in effect, granting that branch of the cross motion which was for summary judgment declaring that the plaintiff Green on Greene, LLC, holds title to certain real property free and clear of a mortgage held by the defendant, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements.
 

 In 2005, the defendant’s assignor obtained and recorded a mortgage on real property in Brooklyn (hereinafter the subject property). In 2007, two further mortgages were given on and recorded against the subject property, and those mortgages were eventually assigned to the plaintiff 1507 Realty Services, LLC (hereinafter 1507 Realty). In 2008, at the request of the mortgagor, the defendant’s assignor released a portion of the subject property from its mortgage. That mortgage was later assigned to the defendant. The defendant thereafter commenced an action to foreclose its mortgage.
 

 1507 Realty and the plaintiff Green on Greene, LLC (hereinafter Green), then commenced this action, alleging, inter alia, that 1507 Realty received the deed to the subject property in lieu of payment under its mortgages, that Green was created for the purpose of holding the deed, and that the release of a portion of the subject property from the defendant’s mortgage defeated the defendant’s mortgage lien. In the first cause of action, the plaintiffs sought to permanently enjoin the defendant from continuing the foreclosure action or commencing any other action to foreclose its mortgage. The second cause of action sought a judgment declaring that Green holds title to the subject property free and clear of the defendant’s mortgage. Alternatively, the plaintiffs sought, in their third cause of action, a judgment declaring that 1507 Realty’s mortgages are superior to the defendant’s mortgage. The defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and the plaintiffs cross-moved for summary judgment on the complaint. The Supreme Court denied the defendant’s motion. In addition, the court granted that branch of the plaintiffs’ cross motion which was for summary judgment on the first cause of action and, in effect, granted that branch of the cross motion which was for summary judgment declaring that Green holds title to the subject property free and clear of the defendant’s mortgage. The defendant appeals.
 

 The plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law with respect to the first and second causes of action. It cannot be said “as [a] matter of law, that a release of . . . part of the premises operate [d] to defeat [the defendant’s] lien upon the property as against the [plaintiffs]” (Ross v Vernam, 6 App Div 246, 250 [1896]). Rather, the question of what equity requires in this case cannot be determined upon a motion, “but its disposition is properly left for the trial, where all the facts will be developed upon which the equities of the parties can be settled and adjusted” (id. at 250).
 

 The Supreme Court did not err in denying those branches of the defendant’s motion which were to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (1) and (7) because the complaint alleged facts sufficient to maintain an equitable quiet title claim (see RPAPL 1515; see generally Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d 848 [2016]), and the documentary evidence did not conclusively establish a defense to those causes of action as a matter of law (see Cog-Net Bldg. Corp. v Travelers Indem. Co., 86 AD3d 585, 585-586 [2011]).
 

 However, the plaintiffs failed to allege any facts which would support a determination that 1507 Realty’s mortgages were superior to the defendant’s mortgage (see generally Real Property Law § 291; Alliance Funding Co. v Taboada, 39 AD3d 784 [2007]). Accordingly, the third cause of action should have been dismissed (see CPLR 3211 [a] [7]).
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.