10-5030-cv
Riddle v. Citigroup, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of December, two thousand eleven.

PRESENT:
José A. Cabranes,
Chester J. Straub,
Debra Ann Livingston,
        *Circuit Judges.*

————————————————————————————

Beverly A. Riddle,

        *Plaintiff-Appellant,*

        v.                                          10-5030-cv

Citigroup, Citibank NA, Citi, Joseph Bonelli, Beth McCahey, Alison Levy, Marcie Mintz, Jeff Holbrook, Sarah Lashen, Sherrie Bachtler, Karen Segal, Helen O'Hehir, Lisa Coen, Steve Randich, Ed Zobitz, Chuck Prince, Pat Finn, Vikram Pandit,

        *Defendants-Appellees,*

Members of the Citigroup Board of Directors, Jane Doe(s), John Doe(s),

        *Defendants.*

————————————————————————————

1

FOR APPELLANT:              Beverly A. Riddle, *pro se*, New York, NY.

FOR APPELLEES:              Ira G. Rosenstein and Lisa Swanson, Morgan, Lewis & Bockius LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

Appellant Beverly A. Riddle, proceeding *pro se*, appeals from the District Court's dismissal of her discrimination complaint against Citigroup and other defendants (the "Appellees"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Riddle's complaint asserted fourteen causes of action arising under, as relevant here, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. §§ 12112–117 ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 ("ADEA"); and the Family and Medical Leave Act, 29 U.S.C. §§ 2601–54 ("FMLA"). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). For the reasons that follow, we largely affirm the District Court's dismissal, but vacate and remand with respect to Riddle's FMLA claim in count 9.

I.     **Title VII, ADA, and ADEA Claims Arising from Riddle's Employment and Termination (Counts 1–8, 10–11, 13 of Riddle's Complaint).**

The District Court correctly concluded that Riddle did not file a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her Title VII, ADEA, and ADA claims arising from her employment and termination. As a predicate to filing suit under these statutes, a private plaintiff must first file a timely charge with the EEOC. *See* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1) (Title VII); 29 U.S.C. §§ 626(d), 633(b) (ADEA); 42 U.S.C. § 12117(a) (ADA). To be timely, a charge must be filed within 180 days or 300 days of the date on which the plaintiff receives notice of her termination, depending upon whether the plaintiff has initially instituted proceedings with a State or local agency capable of granting relief. *See* 42 U.S.C. § 2000e-5(e)(1); *McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 137 (2d Cir. 2000) ("[T]he time for filing a claim with the EEOC starts running on the date when the employee receives a definite notice of the termination, not upon [her] discharge."). Here, Riddle

2

filed her charge with the EEOC on April 13, 2008, well over 300 days after the date she received definitive notice of her termination, April 18, 2007. Therefore, her Title VII, ADEA, and ADA claims are time-barred.

"'[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Francis v. City of N.Y.*, 235 F.3d 763, 767 (2d Cir. 2000) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). Riddle invokes the doctrines of equitable tolling and estoppel. We review the District Court's denial of such equitable relief for abuse of discretion. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003).

"[Equitable] estoppel arises if (i) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (ii) the plaintiff reasonably relied on that misrepresentation to [her] detriment." *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 56 (2d Cir. 2003) (internal quotation marks); *see also Dillman v. Combustion Eng'g, Inc.*, 784 F.2d 57, 61 (2d Cir. 1986). Even assuming *arguendo* that the Appellees orally misrepresented to Riddle that she would be considered for a new position after her termination, her reliance on such statements to forego bringing an EEOC charge until April 2008 was unreasonable. Her complaint alleged a pattern of discriminatory conduct arising well before her termination and involving the same individuals who purportedly promised her that she would be rehired. Moreover, her April 2007 separation agreement clearly informed her that her employment would be terminated as of June 2007 and clearly stated that it set forth the entire understanding between the parties and superseded all prior representations and negotiations.[1] Nowhere was there any reference to a promise of rehiring.

Likewise, insofar as Riddle contends that she was entitled to equitable tolling, her allegations belie any argument that she was "unaware that [s]he ha[d] a cause of action because of [Citigroup]'s fraudulent acts or concealment." *Bennett v. U.S. Lines, Inc.*, 64 F.3d 62, 66 (2d Cir. 1995); *see also Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985) ("An 'extraordinary' circumstance permitting tolling of the time bar on equitable grounds might exist if the employee could show that it would have been impossible for a reasonably prudent person to learn that [her] discharge was discriminatory."). Accordingly, the District Court did not abuse its discretion in denying equitable relief.

## II.    FMLA Claim (Count 9)

Although the District Court did not address Riddle's FMLA claim alleged in count nine, the Appellees contend that it is nevertheless time-barred by that statute's two-year limitations period.

---

[1] We do not decide at this stage whether that agreement precludes her claims.

FMLA claims are generally subject to a two-year limitations period, but claims based on "willful" misconduct are subject to a three-year limitations period. *See* 29 U.S.C. § 2617(c)(1) and (2). An employer acts willfully under the FMLA when it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FMLA]." *Porter v. NYU Sch. of Law*, 392 F.3d 530, 531 (2d Cir. 2004) (per curiam) (internal quotation marks omitted).

The FMLA provides, *inter alia*, that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the statute (such as obtaining medical leave). 29 U.S.C. § 2615(a)(1). Riddle alleged that Citigroup human resources personnel prevented her from obtaining medical leave and did not allow her to fill out medical-leave applications, and that she was given notice of her termination in April 2007, immediately after she attempted to obtain leave. Assuming such allegations to be true, she has stated sufficient facts to suggest plausibly that the Appellees' misconduct was willful, insofar as they acted with reckless disregard for whether their conduct was prohibited by the FMLA. As such, whether the alleged conduct was "willful" (and thus, whether the three-year statute of limitations applies) is an issue that should be decided on remand, either by the District Court on summary judgment if there is no genuine issue of material fact, or by a jury if Riddle introduces evidence sufficient to support a finding of willfulness or if the issue turns on questions of credibility. *Cf. Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011); *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009).

Setting aside the statute of limitations issue, Riddle's complaint was sufficient to avoid judgment on the pleadings on her FMLA claims. "To survive a Rule 12(c) motion, [a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden*, 594 F.3d at 160 (2d Cir. 2010) (internal quotation mark omitted). "In order to make out a prima facie case [of retaliation under the FMLA], [a plaintiff] must establish that: 1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza v. City of N.Y.*, 365 F.3d 165, 168 (2d Cir. 2004). Riddle alleged sufficient facts to suggest that she attempted to take medical leave under the FMLA, she was qualified for her job, she was fired, and her April 2007 notice of termination (which immediately followed her failed attempt to obtain medical leave) gave rise to an inference of retaliatory intent.

Whether her FMLA claim is precluded based on the release contained in her separation agreement is not appropriate for consideration on appeal, in light of Riddle's allegations that the agreement was invalid, that she was fraudulently induced into signing the agreement, and that she did not receive adequate consideration in exchange for the agreement. *See generally Bormann v. AT&T Comm'cs, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989) (outlining factors to consider in determining whether

a release of claims is voluntary).  These issues are more appropriately addressed on a developed record on remand.  Accordingly, we vacate the District Court's decision with respect to Riddle's FMLA claim under count nine, and remand for further proceedings consistent with this order.[2]

## III. Post-Termination Claims (Counts 12–14)

Although the District Court did not address Riddle's post-termination claims concerning her unsuccessful attempts to be rehired, our review is *de novo* and we may affirm based on "any ground appearing in the record." *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 49 (2d Cir. 2010).  We affirm the dismissal of these counts.

Riddle alleged in count twelve that Citigroup failed to consider or respond to her applications for re-employment.  Count thirteen similarly alleged a failure to rehire.  These counts, however, alleged no discrete acts of discrimination and were based on the same alleged conduct underlying Riddle's other untimely claims.  Therefore, they were properly dismissed.  *See, e.g.*, *Burnam v. Amoco Container Co.*, 755 F.2d 893, 894 (11th Cir. 1985) (per curiam) ("[A] failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act.").

In count fourteen, alleging that Citigroup denied opportunities to minority U.S. citizens, Riddle failed to allege any facts indicating that she was passed over for a particular position in favor of a non-U.S. citizen that would create an inference that the company's refusal to rehire her was based on her race or national origin.  *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam) (affirming dismissal where the plaintiff failed "to plead any facts that would create an

---

[2] In so doing, we note that a determination whether the release precludes Riddle's FMLA claim may require consideration of whether: (1) a Department of Labor ("DOL") regulation in effect at the time Riddle signed the release precluded a waiver of her rights under the FMLA, *see* 29 C.F.R. § 825.220(d) (2007) ("Employees cannot waive, nor may employers induce employees to waive, their rights under [the] FMLA."); *compare Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 368 (4th Cir. 2005) ("[T]he regulation's plain language prohibits both the retrospective and prospective waiver or release of an employee's FMLA rights.  In addition, the regulation applies to all FMLA rights, both substantive and proscriptive (the latter preventing discrimination and retaliation)."), *with Faris v. Williams WPC-I, Inc.*, 332 F.3d 316, 321 (5th Cir. 2003) ("A plain reading of the regulation is that it prohibits prospective waiver of rights, not the post-dispute settlement of claims."); and (2) whether the DOL's subsequent amendment to that regulation (which superseded the Fourth Circuit's opinion in *Taylor*) is retroactive, *see* 29 C.F.R. § 825.220(d) (2009) (clarifying that the regulation "does not prevent the settlement or release of FMLA claims by employees based on past employer conduct without the approval of the [DOL] or a court"); *Whiting v. The Johns Hopkins Hosp.*, 416 F. App'x 312 (4th Cir. 2011) (unpublished) (concluding that the DOL's amendment applied retroactively).

inference that any [adverse] action taken by . . . [any] defendant was based upon her [protected status]" (alterations and omission in original); *cf. Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949.

We have reviewed Riddle's remaining contentions on appeal, and find them to be without merit.[3]

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] As Riddle advances no argument on appeal concerning potential claims under 42 U.S.C. §§ 1981, 1983, or 1985(3), or state and city anti-discrimination laws, such claims are deemed waived. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).