Ridge Seneca Plaza, LLC v. BP Products

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand thirteen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

RIDGE SENECA PLAZA, LLC,
         <u>Plaintiff-Appellant</u>,

         -v.-                                    12-4754

BP PRODUCTS NORTH AMERICA INC., FISHER
ASSOCIATES, P.E., L.S.. P.C.,
         <u>Defendants, Cross Claimants,</u>
         <u>Cross Defendants, Appellees</u>,

EAST RIDGE ENTERPRISES, INC., MALCOM
I. GLAZER, FIRST ALLIED SHOPPING
CENTER, L.P.
         <u>Defendants, Cross Claimants,</u>
         <u>Cross Defendants</u>
- - - - - - - - - - - - - - - - - - - -X

1

FOR APPELLANT:          ALAN J. KNAUF (Amy K. Kendall, *on the brief*), Knauf Shaw LLP, Rochester, New York.

FOR APPELLEES:          GARY S. BOWITCH, Bowitch & Coffey, LLC, Albany, New York, *and* Joseph D. Lonardo, Vorys, Sater, Seymour and Pease LLP, Washington, D.C., *for* BP Products North America Inc.

JAMES G. STEVENS, JR., Sugarman Law Firm, LLP, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Ridge Seneca appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, <u>J.</u>), dismissing its complaint on summary judgment. Ridge Seneca alleges that BP's operation of a nearby gas station contaminated its shopping plaza, and that Fisher Associates failed to detect the contamination or warn of its potential existence. The district court ruled that Ridge Seneca raised no genuine issue of material fact concerning BP's responsibility for the contamination. The court granted summary judgment on Ridge Seneca's professional malpractice claim against Fisher because there was no privity of contract with Ridge Seneca for the initial environmental assessment, and because Ridge Seneca's Amended

2

Complaint was untimely.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party.  Costello v. City of Burlington, 632 F.3d 41, 45 (2d Cir. 2011).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

1.  Alleged Contamination by BP Products

Ridge Seneca contends a genuine issue of material fact existed showing BP's partial responsibility for the contamination caused by the gas station.  "A fact is 'material' only if the fact has some affect on the outcome of the suit."  Catanzaro v. Weiden, 140 F.3d 91, 93 (2d Cir. 1998).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Upon our review, we conclude that Ridge Seneca's appeal is without merit for the reasons articulated by the district court in its decision and order.  See Ridge Seneca Plaza, LLC, v. BP Products

3

*North America, East Ridge Enterprises, Inc.*, No. 06-CV-6333 (W.D.N.Y. July 26, 2012, ECF No. 197).

    2.   Privity of Contract

"[B]efore a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity." *Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 80 N.Y.2d 377, 382 (1992). When the initial Phase I assessment was conducted in 2000, no actual privity existed between Fisher Associates and Ridge Seneca. Ridge Seneca, therefore, must show a relationship close enough to privity, which requires: "(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance." *Id.* at 384 (citing *Credit Alliance Corp. v. Arthur Andersen & Co.*, 65 N.Y.2d 536, 551 (1985)).

Ridge Seneca was not a "known party" to Fisher during the 2000 Phase I study. New York courts interpret this phrase narrowly, rejecting the possibility that any

4

foreseeable plaintiff may recover. See Ossining Union Free School Dist. v. Anderson LaRocca Anderson, 73 N.Y.2d 417, 424-25 (1989). "The words 'known party or parties' in the Credit Alliance test mean what they say. . . . [The defendant must] know the 'identity of the *specific* nonprivy party who would be relying.'" Sykes v. RFD Third Ave. 1 Assoc., LLC, 15 N.Y.3d 370, 373-74 (2010) (emphasis added). Ridge Seneca first came into existence in February 2001, months after completion of the initial Phase I study. Fisher knew only that its report was for Sylvan Enterprises and its lawyers. Fisher never knew of Ridge Seneca's pending formation. Because Ridge Seneca was not a "known party," its claims against Fisher for the 2000 study necessarily fail.

3. Timeliness of the Amended Complaint

Ridge Seneca's Amended Complaint alleged claims against Fisher for events in 2003 and 2004. Ridge Seneca argues that it was timely by virtue of either New York's discovery rule, N.Y. C.P.L.R. 214-c(2), or the continuous treatment exception, Williamson v. Pricewaterhouse Coopers LLP, 9 N.Y.3d 1, 8-9 (2007). The success of either argument, however, ultimately rests on whether the amended pleading relates back to the original pleading pursuant to Fed. R. Civ. P. 15(c)(1)(B). For a newly-added action to relate

5

back, the "basic claim must have arisen out of the conduct set forth in the original pleading." Slayton v. Am. Express Co., 460 F.3d 215, 228 (2d Cir. 2006) (quoting Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 36 (2d Cir. 2002)). "[E]ven where an amended complaint tracks the legal theory of the first complaint, claims that are based on an 'entirely distinct set' of factual allegations will not relate back." Id. (quoting Nettis v. Levitt, 241 F.3d 186, 193 (2d Cir. 2001)).

Ridge Seneca's original complaint contained no factual allegations regarding these later transactions with Fisher. No mention was made of the 2003 update or the 2004 phone call--events more than two years after the initial Phase I study. These later events were separate transactions, despite their connection to the first assessment. Cf. Pruiss v. Bosse, 912 F.Supp. 104, 106 (S.D.N.Y. 1996) (amendments did not relate back in defamation suit despite the statement's content being the same over time); Jensen v. Times Mirror Co., 634 F.Supp. 304, 315-16 (D. Conn. 1986) (applying the "single publication" rule in defamation action). The claims in the Amended Complaint did not arise out of the conduct alleged in the original complaint. We agree with the district court that the Amended Complaint was untimely.

For the foregoing reasons, and finding no merit in Ridge Seneca's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK