Barbara **FLUM**, Plaintiff,

v.

The **DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,** Cynthia Sumay–Eaton and Susan Hoffmann, Defendants.

No. 12 Civ. 1123(AT).

United States District Court,
S.D. New York.

Signed Jan. 6, 2015.

---

Maury Bryan Josephson, The Law Office of Maury B. Josephson, P.C., Mellville, NY, for Plaintiff.

Jane Elizabeth Andersen, Laura C. Rowntree, New York City Law Department, New York, NY, for Defendants.

### *MEMORANDUM AND ORDER*

ANALISA TORRES, District Judge:

In this disability discrimination action, Plaintiff, Barbara Flum, alleges that De-

fendants violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), the Vocational Rehabilitation Act, 29 U.S.C. § 701 *et seq.* (the "Rehabilitation Act"), the New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–107 (the "NYCHRL"). Plaintiff also alleges that Defendants unlawfully retaliated against her for requesting reasonable accommodations for her disability and filing discrimination complaints. The Department of Education of the City of New York (the "DOE") and Cynthia Sumay–Eaton (collectively, "Defendants") move to dismiss certain claims in the amended complaint as time-barred pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons stated below, Defendants' motion is GRANTED.

## BACKGROUND [2]

Plaintiff is a "professional educator" with more than twenty years of teaching experience. Am. Compl. ¶ 6, ECF No. 40. In 2000, Plaintiff began teaching at P.S. 123, a New York City public school. *Id.* ¶¶ 7, 10. Cynthia Sumay–Eaton was the principal of P.S. 123. *Id.* ¶ 11. Plaintiff worked exclusively at P.S. 123 until the end of the 2009–10 school year. *Id.* ¶¶ 7, 18, 39. For the 2010–11 school year, Plaintiff was assigned to two different schools. *Id.* ¶¶ 18, 39. She taught at the Waterside School ("Waterside") for approximately five months and at the Village Academy ("Village") for the remainder of the school year. *Id.* ¶ 39. Plaintiff returned to P.S. 123 for the 2011–12 school

year. *Id.* ¶ 18. Plaintiff was transferred to P.S. 215 for the 2012–13 school year. *Id.* ¶ 32. Susan Hoffmann was the principal of P.S. 215. *Id.* ¶ 12. Plaintiff remained at P.S. 215 until January 2013, when she took an unpaid medical leave of absence. *Id.* ¶ 38.

In 2006, Plaintiff was diagnosed with a brain tumor and fibromyalgia, which cause Plaintiff "severe pain, fatigue and imbalance, and curtail her ability to move around freely, lift, carry, walk, climb and use stairs." *Id.* ¶ 8. After receiving this diagnosis, Plaintiff informed the DOE's medical office of her condition and requested several accommodations, which the medical office granted. *Id.* ¶ 9. The accommodations include: (1) "a classroom on the first floor and/or use of elevator"; (2) "no escort duties"; and (3) "no stair climbing required for signing in and out." *Id.* More recently, the medical office provided Plaintiff the accommodation of "assignment to a barrier free building." *Id.*

On February 14, 2012, during the 2011–12 school year, Plaintiff filed the original complaint in this action. In that complaint, Plaintiff asserted ADA, Rehabilitation Act, NYSHRL, and NYCHRL claims against the DOE, Sumay–Eaton, and John Does and Jane Roes No. 1–10 (*i.e.*, "persons whose identities are not presently known, who conceived, participated in, carried out or directed or caused others to carry out, assisted and otherwise aided and abetted the discriminatory and retaliatory acts and omissions described in th[e] [c]omplaint"). Compl. ¶¶ 10–13, ECF No. 1. Specifically, Plaintiff alleged that Sumay–Eaton "became overtly hostile toward

---

**1.** Susan Hoffmann has not been served and no appearance has been made on her behalf. *See* Pl. Mem. 3 n. 1, ECF No. 46; Def. Mem. 2 n. 2, ECF No. 45. Accordingly, she does not join the motion.

**2.** The following facts are taken from the amended complaint unless indicated otherwise and accepted as true for the purposes of this motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

[Plaintiff] after learning of [Plaintiff's] disability and of her requests for reasonable accommodations" and provided examples of acts and omissions that purportedly "show [the] discriminatory and retaliatory intent" of Sumay–Eaton and the administration of P.S. 123. *Id.* ¶¶ 14–16, 20–28. The original complaint includes no allegations concerning Plaintiff's time at Waterside or Village aside from noting that Plaintiff taught at "two other schools" for the 2010–11 school year. *See id.* ¶¶ 7, 18.

Plaintiff filed an amended complaint on March 17, 2014. The amended complaint removes John Does and Jane Roes No. 1–10 as defendants, names Hoffmann as a defendant, and adds allegations concerning the 2010–11, 2011–12, and 2012–13 school years. Am. Compl. ¶¶ 12, 18, 24, 28, 30, 32–43. With respect to the 2010–11 school year, Plaintiff alleges that her assignment to Waterside was "remarkably callous," as the school is located on the third floor of a non-elevator building. *Id.* ¶ 40. Consequently, Plaintiff had to climb and descend "several flights of stairs" each day despite the accommodations she had been granted, which caused Plaintiff to "nearly collapse[ ]" in or about January 2011. *Id.* ¶¶ 40–41. With respect to the 2012–13 school year, Plaintiff alleges that she experienced "horrific" assignments and working conditions at P.S. 215, which caused Plaintiff to become physically ill. *Id.* ¶¶ 36, 38. Specifically, Plaintiff claims that Hoffmann improperly: (1) assigned Plaintiff to gym class duty; (2) required Plaintiff to carry "books and other preparatory materials" around the school; and (3) insisted that Plaintiff not sit while teaching. *Id.* ¶ 36. Plaintiff also alleges that P.S. 215 is not "barrier free." *Id.* ¶ 37. To access the building, Plaintiff "either had to climb stairs or wait in the elements while calling the office and waiting for someone from the office to [unlock] an entrance that had a ramp." *Id.*

## DISCUSSION

### I. *Standard of Review*

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). On such a motion, the court may consider only the complaint, documents attached to the complaint, matters of which a court can take judicial notice, or documents that the plaintiff knew about and relied upon. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002). The court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *ATSI Comimc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007).

### II. *Timeliness of Plaintiff's Newly Added Claims*

Defendants contend that all of Plaintiff's claims concerning Waterside (the "Waterside claims") as well as Plaintiff's NYSHRL and NYCHRL claims concerning P.S. 215 (the "P.S. 215 claims") are time-barred and, therefore, must be dismissed.[3] As an initial matter, the Court agrees with Defendants that Plaintiff did not include any allegations of discrimination or retaliation with respect to Waterside or P.S. 215 in her original complaint. Accordingly, for these newly added claims

---

**3.** Defendants do not contest the timeliness of Plaintiff's ADA and Rehabilitation Act claims concerning P.S. 215. Pl. Mem. 17.

to survive a motion to dismiss, they must either be within the applicable statutes of limitations or relate back to the date of the original complaint.

Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R.Civ.P. 15(c)(1). "[T]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir.2006) (internal quotation marks and citation omitted). "Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Id.* "In contrast, even where an amended complaint tracks the legal theory of the first complaint, claims that are based on an 'entirely distinct set' of factual allegations will not relate back." *Id.* (citation omitted).

### A. Waterside Claims

Applying the foregoing principles, the Court concludes that the Waterside claims are time-barred. Plaintiff taught at Waterside from approximately September 2010 until January 2011, *see* Am. Compl. ¶¶ 39, 41–42, which means that Plaintiff's claims with respect to Waterside began to accrue no later than January 31, 2011. Therefore, Plaintiff needed to file any Rehabilitation Act claim by January 31, 2014, *see, e.g., Harris v. City of New York*, 186 F.3d 243, 247–48 (2d Cir.1999) (three-year statute of limitations for Rehabilitation Act claims), and any NYSHRL and NYCHRL claims by January 31, 2012, *see, e.g., Floyd v. N.Y.C. Dep't of Educ.*, 10 Civ. 8951, 2014 WL 171156, at *7 (S.D.N.Y. Jan. 13, 2014) (one-year statute of limitations for NYSHRL and NYCHRL claims against the DOE or any officer of a school district) (citing N.Y. Educ. Law § 3813(2–b)). Plaintiff filed her Waterside claims on March 17, 2014 (*i.e.,* the filing date of the amended complaint). Thus, for Plaintiff's Rehabilitation Act, NYSHRL, and NYCHRL claims regarding Waterside to survive a motion to dismiss, they must relate back to her original complaint.

The Court finds that these claims do not relate back because they "are based on an 'entirely distinct set' of factual allegations." *Slayton*, 460 F.3d at 228 (citation omitted). Plaintiff's original complaint addresses alleged discrimination and retaliation by the administration of P.S. 123. *See* Compl. ¶¶ 14–16, 20–28. Moreover, the original complaint not only lacks allegations about Waterside, but also suggests that the alleged discrimination and retaliation ceased during the 2010–11 school year (*i.e.,* when Plaintiff taught at Waterside and Village). *See* Compl. ¶¶ 18–19 ("[Plaintiff] was assigned to two other schools for the 2010–11 school year. She believed she had a position lined up in one of these other districts for 2011–12 when, at the end of the summer, she was told to return to PS 123 . . . . The hostile environment [Plaintiff] previously had encountered at PS 123 *immediately resumed* upon her return . . . ." (emphasis added)). Where, as here, newly added claims are "based on different conduct, in a different location, and attributable to different [individuals] than the claims set forth in [the original] pleading," they will not relate back. *ASARCO LLC v. Goodwin*, 756 F.3d 191, 203 (2d Cir.2014), *cert. denied*, — U.S. ——, 135 S.Ct. 715, 190 L.Ed.2d 441 (2014); *see also, e.g., Ridge*

*Seneca Plaza, LLC v. BP Prods. N. Am. Inc.*, 545 Fed.Appx. 44, 47 (2d Cir.2013) (summary order) (finding that claims concerning separate, but related transactions did not relate back where the original complaint included no factual allegations concerning these transactions); *Am. Med. Ass'n v. United Healthcare Corp.*, 00 Civ. 2800, 2006 WL 3833440, at *12 (S.D.N.Y. Dec. 29, 2006) (noting that "courts have declined to apply the relation back doctrine to allow the addition of new claims for relief based on transactions or events not included in the original pleading" (internal quotation marks and citation omitted)). Accordingly, Plaintiff's Rehabilitation Act, NYSHRL, and NYCHRL claims concerning Waterside are time-barred.

■ The Court likewise finds that Plaintiff's ADA claim concerning Waterside is time-barred. As a predicate to filing suit under the ADA, a plaintiff must first file a timely charge with the U.S. Equal Employment Opportunity Commission (the "EEOC") or a state or local agency capable of granting relief 42 U.S.C. §§ 2000e–5(e)(1), 12117(a). To be timely, a charge must be filed within 180 or 300 days of the alleged unlawful employment practice, depending on whether the plaintiff has initially instituted proceedings with a state or local agency capable of granting relief. 42 U.S.C. § 2000e–5(e)(1); *Riddle v. Citigroup*, 449 Fed.Appx. 66, 69 (2d Cir.2011) (summary order). Upon receipt of a right-to-sue letter from the EEOC, a plaintiff has ninety days to commence a civil action against the respondent named in the charge. 42 U.S.C. § 2000e–5(f)(1). Plaintiff alleges that she timely filed two charges with the EEOC: one prior to filing her original complaint and another on April 11, 2013, which "set[ ] forth allegations ... concerning the discrimination

and retaliation [Plaintiff] encountered at PS 123 after filing this action and at PS 215." Am. Compl. ¶¶ 45–46. Plaintiff concedes that she filed her first charge before the 2010–11 school year, *see* Pl. Mem. 14–15, but argues that her Waterside claim is nonetheless covered by that charge.[4] The Court disagrees.

■ "Claims not raised in an EEOC complaint ... may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir.2006) (citing *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993)). The Second Circuit has recognized three situations in which a claim may be found to be "reasonably related": (1) "where 'the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination' "; (2) "where the complaint is 'one alleging retaliation by an employer against an employee for filing an EEOC charge' "; and (3) "where the complaint 'alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge.' " *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir.2003) (quoting *Butts*, 990 F.2d at 1402–03). Neither the first nor third situation applies to the Waterside claim, which concerns Plaintiff's experience at a school that she was not assigned to until after filing her EEOC charge. The second situation is also inapplicable, as Plaintiff does not allege that she was assigned to or denied accommodations at Waterside in retaliation for filing an EEOC charge.

In any event, even if the Waterside claim were "reasonably related," the Court would deem Plaintiff's ADA claim untimely. Plaintiff received a right-to-sue letter

---

**4.** Plaintiff does not contend that her Waterside claim is covered by the second charge, which Plaintiff filed more than two years after she left Waterside.

from the EEOC regarding her first charge on November 16, 2011. Am. Compl. ¶ 17. Ninety days later, on February 14, 2012, Plaintiff filed the original complaint in this action, which asserted a timely ADA claim concerning P.S. 123. Plaintiff did not file any claims concerning Waterside until March 17, 2014—more than two years after the statutory deadline applicable to her first EEOC charge. Accordingly, the ADA claim would need to relate back in order to survive a motion to dismiss. *See, e.g., Maccharulo v. Gould,* 643 F.Supp.2d 587, 593–94 (S.D.N.Y.2009) (applying the relation back doctrine to an ADA claim). For the reasons articulated above, *see supra* at 498–99, the Court would find that the claim does not relate back. In sum, all of Plaintiff's Waterside claims are time-barred.

### B. P.S. 215 Claims

The Court concludes that the P.S. 215 claims are time-barred as well. Plaintiff taught at P.S. 215 from approximately September 2012 until January 2013, *see* Am. Compl. ¶¶ 32, 38, which means that Plaintiff's claims concerning P.S. 215 began to accrue no later than January 31, 2013. Therefore, Plaintiff needed to file any NYSHRL and NYCHRL claims by January 31, 2014. *See, e.g., Floyd,* 2014 WL 171156, at *7. Plaintiff did not file any claims regarding P.S. 215 until March 17, 2014. Thus, for the P.S. 215 claims to survive a motion to dismiss, they must relate back to the date of the original complaint.

The Court finds that these claims do not relate back because, like the Waterside claims, they "are based on an 'entirely distinct set' of factual allegations." *Slayton,* 460 F.3d at 228 (citation omitted). Once again, Plaintiff's original complaint deals exclusively with alleged discrimination and retaliation by the administration of P.S. 123. *See* Compl. ¶¶ 14–16, 20–28. Filed more than six months before Plain-

tiff began teaching at P.S. 215, the original complaint includes no allegations concerning P.S. 215. Indeed, at that time, neither Plaintiff nor Defendants knew that Plaintiff would be assigned to P.S. 215 for the 2012–13 school year. Common sense dictates that the original complaint could not have given Defendants "adequate notice" of the P.S. 215 claims. *Slayton,* 460 F.3d at 228. These claims, like the Waterside claims, are "based on different conduct, in a different location, and attributable to different [individuals] than the claims set forth in [the original] pleading." *ASARCO LLC,* 756 F.3d at 203. Accordingly, the P.S. 215 claims are time-barred. Moreover, because there is no individual liability under the ADA or the Rehabilitation Act, *see, e.g., Spiegel v. Schulmann,* 604 F.3d 72, 79–80 (2d Cir.2010); *Nelson v. City of New York,* 11 Civ. 2732, 2013 WL 4437224, at *14 (S.D.N.Y. Aug. 19, 2013), and because Hoffmann is connected only to the P.S. 215 claims, the Court dismisses all claims against Hoffmann.

### CONCLUSION

For the reasons stated above, Defendants' motion to partially dismiss the amended complaint is GRANTED. All claims concerning the Waterside School and the NYSHRL and NYCHRL claims concerning P.S. 215 are DISMISSED as time-barred. All claims against Susan Hoffmann are also DISMISSED. By **February 6, 2015,** Defendants shall answer the amended complaint or submit a letter requesting a pre-motion conference pursuant to Paragraph III of the Court's Individual Practices in Civil Cases.

The Clerk of Court is directed to terminate the motion at ECF No. 44.

SO ORDERED.